CHARLES B. MANUEL, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

On the trial of an indictment for murder, the judge charged the jury that they were to decide "whether it was murder, or whether it was a case of justifiable or excusable homicide." After defining the crime of murder, he told them the intent must be clearly proven, or they could not convict of murder. He then explained to the jury the law as to justifiable and excusable homicide, and submitted to them whether the prisoner was justified in using a deadly weapon. He also told the jury if they had any doubt as to which degree of murder to convict the prisoner of, it was their duty to convict of the lesser degree of guilt. That if they had any reasonable doubts that the prisoner intended, at the time the blow was struck, to take life, and they believed it was done in the heat of passion, then they could convict of the lesser degrees. *Held* there was no error in the charge.

In criminal cases the court is required to order a new trial, if it is satisfied that the verdict is against evidence, or against law, or that justice requires a new trial.

Where the court, upon a writ of error, came to the conclusion from an examination of the evidence, that under any view to be taken of the case, the homicide was only one of killing in the heat of passion, arising out of a sudden quarrel, without a design to effect death, by a dangerous weapon, and therefore was only manslaughter in the third degree; *Held* that a conviction of murder in the first degree was not warranted by the evidence, and that under such circumstances it was the duty of the court to order a new trial.

THE prisoner was tried in the court of general sessions, and was convicted of murder in the first degree. The evidence showed that the homicide took place in a shoemaker's shop, in the basement of 46, Thompson street. There was nothing proven to show any previous ill feeling between the prisoner and the deceased. The death was caused by stabbing, and witnesses in the street saw the prisoner in front of the deceased and making a motion with his hand. Afterwards both came out of the shop, and the deceased said the prisoner stabbed him. There was a man in the shop with the prisoner, who was in court at the trial, but was not examined. There was evidence tending to show that the deceased struck the prisoner two blows with a hammer, one on the forehead and one on the back of the head, and the physician proved that the wounds still remained on the prisoner's head, after he was in prison.

The judge charged the jury that they were to decide " whether it was murder in the first degree, or whether it was a case of justifiable or excusable homicide." After defining the crime of murder, he told them the intent must be clearly proven, or they could not convict of murder.

The judge then explained to the jury the law as to justifiable and excusable homicide, and submitted to them whether the prisoner was justified in using a deadly weapon.

He also told the jury, if they had any doubt as to which degree of murder to convict the prisoner of, it was their duty to convict of the lesser degree of guilt. If they had any reasonable doubts that the prisoner intended, at the time the blow was struck, to take life, and they believed it was done in the heat of passion, then they could convict of any of the lesser degrees. The jury found the prisoner guilty of murder. When asked on what degree, they answered as charged in the indictment.

C. A. L. *Goldey*, for the prisoner.

A. *Oakey Hall*, (dist. att'y,) for the people.

*By the Court*, INGRAHAM, J.   I see no error in the charge of the judge. It was undoubtedly strong against the prisoner, but I see nothing which would justify a reversal on that ground. The objection that he did not tell the jury the various degrees of murder in the second degree, and of manslaughter, can hardly be called error. He did tell them, if they had doubt as to which degree of murder he was guilty of, they should convict of the lesser degree, and if they had doubts of the intent to take life, they could convict of one of the lesser degrees. If the jury had entertained such doubts, they would certainly have convicted of some other crime than that of murder in the first degree, and if necessary would have called for further instructions on that point.

But while I see no error on the part of the judge who pre-

sided at the trial, I cannot resist the conclusion, from an attentive examination of the evidence, that under any view to be taken of the case, the homicide was only one of killing in the heat of passion, without a design to effect death, by a dangerous weapon, and if so was only manslaughter in the third degree. Perhaps, if the definition of this offense had been given to the jury, they would have more clearly seen the distinction between that offense and murder. It was not claimed on the part of the prosecution that there was any premeditation, and there was no evidence to show any intent to take life, except it be inferred from the weapon used, and the nature of the wounds. When we consider the facts as detailed to us, viz. the possibility of blows struck by the deceased on the prisoner's head with a hammer, leaving wounds down to a time shortly before the trial ; the fact, that the prisoner had no weapon of his own ; the evident want of knowledge on the part of all when they left the cellar or shop, that death would ensue from the wounds, it is very difficult to say that the jury have not erred in convicting of murder in the first degree.

We are required, in cases of this kind, to order a new trial, if the court is satisfied that the verdict is against evidence, or against law, or that justice requires a new trial.

I cannot say that I am satisfied with this verdict. I think there is such a want of proof of intent, and especially when I connect with it the character of the prisoner, that I cannot avoid the conclusion that the whole was an affray arising out of a sudden quarrel, without previous provocation, and that a conviction of murder in the first degree was not warranted by the evidence.

Under such a view of the case, it is the duty of the court to order a new trial.

Judgment reversed, and new trial ordered, in the sessions.

[New York General Term, April 1, 1867. *Leonard, Ingraham* and *Sutherland,* Justices.]