MYRON A. BUEL, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

Where a person engaged in the commission of the crime of rape, by means of any force or violence employed by him for the purpose of accomplishing his object, causes the death of the female, although he did not intend to kill, he is guilty of murder in the first degree; it is a killing "perpetrated by a person engaged in the commission of a felony," within the meaning of the statute defining that degree of murder. (2 R. S., 656, § 5, sub. 3, as amended by chap. 333, Laws of 1876.)

The fact that upon the trial of an indictment for murder in the first degree, the court omitted to read to or to instruct the jury as to the provisions of the statute defining murder in the second degree and manslaughter, is not a ground of error in the absence of a request on behalf of the prisoner so to do.

*People* v. *Butler* (3 Parker Cr. R. 377), disapproved.

Under the statute authorizing the granting of a new trial on motion of the prisoner, after conviction (chap. 295, Laws of 1876), the court has no power to grant such a motion, for an alleged error, where no exception was taken on the trial.

The provision of the statute enlarging the jurisdiction of the Courts of Sessions in the city and county of New York (§ 3, chap. 337, Laws of 1855, as amended by chap. 330, Laws of 1858), which authorizes an appellate court to grant a new trial in capital cases when satisfied that

the verdict is against the weight of evidence, etc., whether an exception was taken or not in the court below, has no application to writs of error in other counties of the State.

(Argued October 13, 1879; decided November 11, 1879.)

ERROR to the General Term of the Supreme Court, in the third judicial department, to review judgment affirming a judgment of the Court of Oyer and Terminer in and for the county of Otsego, entered upon a verdict convicting the plaintiff in error of the crime of murder in the first degree. (Reported below, 18 Hun, 487.)

The facts appear sufficiently in the opinion.

*James A. Lynes*, for plaintiff in error. The court erred in charging the jury in effect that they should bring in either a verdict of murder in the first degree, or else a verdict of acquittal. (3 R. S. [6th ed.], 995, § 48; *Didieu* v. *People*, 22 N. Y., 180; *Foster* v. *People*, 50 id., 598.) It is not necessary that the evidence should establish murder in the second degree beyond all doubt, and to the exclusion of every other offence, to make it error for the judge to withhold the question. (*McNevins* v. *People*, 61 Barb., 307–310.) It does not matter that there was no request made of the court to charge as to the law of murder in the second degree, and manslaughter in its various degrees. (*People* v. *Enoch*, 13 Wend., 165; *Fitzgerrold* v. *People*, 37 N. Y., 421; *Foster* v. *People*, 50 id., 598–601; *Slatterly* v. *People*, 58 id., 354–357; *Stokes* v. *People*, 53 id., 164–184; *Manuel* v. *People*, 48 Barb., 548; *Gardiner* v. *People*, 6 Parker, 155; *People* v. *Bennett*, 49 N. Y., 137–141; *Johnson* v. *Comstock*, 14 Hun, 238–243.) Any misdirection of the judge, as to the law, is ground for a new trial. (48 Barb., 548; 17 Mass., 534; Hilliard on New Trials, 205, 208; *Geer* v. *Archer*, 2 Barb., 420.) The court erred in charging that if the prisoner killed the girl in the commission of a rape upon her person, it was murder in the first degree. (Barb. Cr. Pr., 65–67; *People* v. *Quin*, 50 Barb., 128; id., 144; *People* v. *Morrison*, 1 Park. Cr. R., 625–644; *People* v.

*Abbott*, 19 Wend., 192; *People* v. *Bransby*, 32 N. Y., 525; 34 Eng. Com. Law R., 539.) Subdivision 3 of section 5 of 2 Revised Statutes, 656, as amended by chapter 333, Laws. of 1876, includes only those cases where the felony is a separate and distinct offence from the killing. (3 R. S., 928, 932; *People* v. *Rector*, 19 Wend., 608; *People* v. *Butler*, 3 Parker, 337–385; *Foster* v. *People*, 50 N. Y., 578–602, 603; 10 id., 120; 3 R. S. [6th ed.], 928, § 4; 1 Wharton Am. Cr. Law, 560; 4 Wend., 265; 3 Hill, 92; 1 Green Cr. R., 267–275; 2 id., 381–385; *People* v. *Smith*, 57 Barb., 46.) In criminal cases, the court is required to order a new trial if it is satisfied the verdict is against evidence, or against law, or that justice requires a new trial. (48 Barb., 548.) The court is liberal in construing exceptions in criminal cases. (49 N. Y., 137–140; *Foster* v. *People*, 50 id., 610.)

*L. L. Bundy*, for defendant in error. The charge of the court that if death was caused by the commission of a rape, it. would be murder in the first degree was correct. (9 Stat. at. Large, 698; Laws of 1876, chap. 333, p. 318; *Darry* v. *People*, 10 N. Y., 120; *Dolan* v. *People*, 64 id., 498; 2 Stat. at. Large, 680, § 19; *Fitzgerald* v. *People*, 37 N. Y., 413; 5. Trans. Appeals, 273; *Foster* v. *People*, 50 N. Y., 598–602; *People* v. *Van Steenburgh*, 1 Parker, 39.) The crime of rape is not an ingredient of murder, but is a separate and. independent offence, and a trial and acquittal of that offence would not have been a bar to this indictment for murder. (*Vandercomb's Case*, 2 Leach, 708, 716; *Comm.* v. *Roby*, 12 Pick., 496; *People* v. *Smith*, 57 Barb., 46; *Queen* v. *Button*, 11 Q. B., 945, 947; *Burns* v. *People*, 1 Parker, 182; *People* v. *Saunders*, 4 id., 196; *Bank Prosecutions*, 1 Russ. and Ry., 378; *Comm.* v. *Evans*, 121 Mass., 25; *King* v. *Ladd*, 1 Leach Cr. Cas., 96; Wharton on Homicide, §§ 55–57. The exceptions are not sufficiently specific to raise any question in the case. (1 Colby Cr. Law, 430, 431; *Carral* v. *People*, 1 Parker, 272; *Jones* v. *Osgood*, 6 N. Y., 233, 235; *Hunt* v. *Maybee*, 7 id., 266; *Caldwell* v. *Murphy*, 11

id., 416; *Low* v. *Merrill*, 6 Wend., 268.) The Oyer and Terminer has no power to order a new trial upon the merits, after a conviction for a felony. (*Quimbo Appo* v. *People*, 20 N. Y., 531; *People* v. *Montgomery*, 13 Abb. [N. S.], 207; *People* v. *Enoch*, 13 Wend., 159; *People* v. *Fitzgerald*, 37 N. Y., 421; *Foster* v. *People*, 50 id., 598; *Shorter* v. *People*, 2 id., 193; *Ex parte Daily*, 2 Cow., 379; *Low* v. *Merrill*, 6 Wend., 268; *People* v. *Thompson*, 41 N. Y., 6.) No questions can be reviewed upon writ of error, except such as arose upon exceptions taken at the trial. (2 Stat. at Large, 760, § 21; *People* v. *Thompson*, 41 N. Y., 1, 4, 5; *Hartung* v. *People*, 4 Park. Cr. R., 319, 330, 331; *People* v. *Haynes*, 11 Wend., 561; *People* v. *Dalton*, 15 id., 583; *Wynhamer* v. *People*, 2 Park. Cr. R., 382; *Mathews* v. *Meyberg*, 63 N. Y., 656.)

MILLER, J. The prisoner was convicted of the crime of murder in the first degree. The indictment contained sixteen different counts; eight of them were framed charging that the offense of murder had been committed in contravention of the first subdivision of section five of 2 Revised Statutes, 656 [1st ed.] ; and the remaining eight under the third subdivision of the same statute, as amended by chapter 644, S. L., of 1873 and by chapter 333 of the S. L., of 1876. The statute is as follows : "Such killing, unless it be manslaughter or excusable, or justifiable homicide, as hereinafter provided, shall be murder in the first degree, in the following cases : First, when perpetrated from a deliberate and premeditated design to effect the death of the person killed, or of any human being. Second, when perpetrated by an act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual. Third, when perpetrated by a person engaged in the *commission of any felony*. Such killing, unless it be murder in the first degree, or manslaughter, or excusable or justifiable homicide, as hereinafter provided, shall be murder in the

second degree, when perpetrated intentionally but without deliberation and premeditation."

The latter counts charged that the crime was committed while ravishing or attempting to ravish the deceased, and it was averred in some of them that the prisoner, while engaged in the commission of the rape or felony, and in others, while in the commission. of the assault with the intent to commit the rape or felony, with a rope which he had placed upon the neck of the deceased, strangled and suffocated her, from which she died. The evidence tended to show that the death of the deceased was caused from strangulation produced by a strap or rope drawn around her neck by the prisoner while committing a rape upon her. The proof also showed that a violent blow had been inflicted upon her head. The judge charged the jury, among other things, that if they believed that the prisoner put the rope around the neck of the deceased, or inflicted a blow upon the head of the deceased, as claimed by the prosecution, with a design to effect death, with premeditation and deliberation, he was guilty of murder in the first degree, under the first clause of the section of the statute cited. The judge also charged the jury that if the deceased resisted, and the prisoner overcame that resistance by putting the rope around her neck, and thus made her incapable of resistance, and under these circumstances committed the offense, even although he did not intend to take her life, and although his object and purpose was simply to accomplish his purpose of having criminal connection with the deceased, and he did this simply to overcome her resistance, and if that was his purpose and intent, and she died while he was thus engaged in that act, then it was murder in the first degree. At the close of the case, the counsel for the prisoner excepted to that part of the charge in which the court charged that if death was caused by the commission of the offence, it would be murder in the first degree, and no request was made for any other or different directions than those contained in the charge.

It is claimed by the counsel for the prisoner that the court erred in the charge to the jury that if the prisoner killed the girl in the commission of a rape upon her person, it was murder in the first degree ; that this was a wrong interpretation of the third subdivision of the fifth section of the statute which properly includes only those cases where the felony is a separate and distinct offence from the killing ; and that it has no application to a killing where the death results directly from the personal violence used in making the assault, and where the felony is completely merged and lost in the higher crime. The argument is that force is necessary to constitute the crime of rape, and the very gist of the offence is that it must be accomplished against the will and resistance of the female ; that it cannot be separated from the carnal knowledge, and that the strangling of the deceased to overcome her resistance was an indispensable part of the rape, without which it could not have been committed, and hence the prisoner was not guilty of the crime of murder, and therefore the charge was erroneous. We think that this position cannot be upheld upon any sound legal principle ; and assuming that the charge of the judge embraced the proposition claimed, it was not error. While force and violence constitute an important element of the crime of rape, they do not constitute the entire body of that offence. The unlawful or carnal knowledge is the essence of that crime ; and without this, no matter what degree of force or violence may be employed, rape is not established : (1 Russ. on Crimes [1st ed.], 557, 558 ; 1 Hawk. P. C., chap. 41, § 2.) It may even be committed where there is a yielding to violence and the consent is procured by fear of death or duress : (Id.) Be that as it may, however, we think it is not important if the death of the deceased was caused by the prisoner while he was perpetrating the crime of rape. He was then engaged in the commission of a felony, within the language, meaning and purpose of the statute ; and if death ensued in consequence of that felony, the offence is brought directly within the definition of the crime of murder in the first degree.

The statute in reference to murder has undergone numerous changes since the enactment of the Revised Statutes. 2 Revised Statutes 657, § 5, defines when the killing shall constitute murder, and the third subdivision is as follows : " When perpetrated *without any design to effect* death by a person engaged in the commission of any felony." The killing while engaged in the perpetration of any felony which caused death, even if unintentional, is here express y declared to be murder. An alteration was made by chapter 410 of the Laws of 1860, and it is there provided that " all murder which shall be perpetrated by means of poison or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or the attempt to perpetrate any arson, *rape,* robbery or burglary, or in any attempt to escape from imprisonment, shall be deemed murder in the first degree." It will be noticed that this provision specifies the felonies in the perpetration or attempt to perpetrate which the killing would be murder, thus leaving no question but what a killing, under such circumstances, is murder in the first degree.

By chapter 197, S. L. of 1862, the fifth section of the Revised Statutes was re-enacted, with the exception of the third subdivision, which was altered so as to read as follows : " Third, when perpetrated in committing the crime of arson in the first degree ; " and to this was added the following provision as to murder in the second degree : " Such killing, unless it be murder in the first degree, or manslaughter, or excusable or justifiable homicide, as hereinafter provided, or when perpetrated without any design to effect death by a person engaged in the commission of any felony, shall be murder in the second degree." The killing, to constitute murder under the third subdivision, was confined to the crime of arson in the first degree, and the last clause included in murder in the second degree cases where the killing was perpetrated without any design to effect death.

The statute of 1873 was then passed, which is precisely like the statute of 1876, already cited, except that the

words "without any design to effect death" are omitted in the latter statute. The evident purpose of omitting these words was to make any killing, while engaged in the perpetration of a felony, murder in the first degree, no matter what the design was, or whether it was intentional or casual. So that a person engaged in the commission of the crime of arson, burglary, rape or any other felony, who killed another, was chargeable with murder in the first degree. Under all of these various provisions, where the killing was perpetrated, it was of no consequence what the intention was. The statute was aimed against any killing by a criminal while committing any of the felonies enumerated, and the last amendment while engaged in the commission of any of the numerous felonies known to the law. The striking out of the words "without any design to effect death" was no doubt designed to avoid any necessity of showing that there was no such intention, and to make the law more explicit and clear. From a careful examination of these provisions it follows that if the prisoner was engaged in the commission of the crime of rape, and death ensued by reason thereof, no matter whether the deceased came to her death by strangulation, or by means of any other force or violence employed for the purpose of accomplishing his object, he was guilty of murder in the first degree, within the third subdivision of section five of the statute.

We have been referred, by the counsel for the prisoner, to several reported cases which, it is claimed, uphold the doctrine that a killing, while engaged in the crime of rape or other offence, resulting directly from the force and violence employed, and constituting an ingredient of the offence, is not embraced within the third subdivision : (*People* v. *Rector*, 19 Wend., 569; *People* v. *Butler*, 3 Parker, 377; *Foster* v. *The People*, 50 N. Y., 598.) We have carefully examined these decisions, and none of them present the point now considered. *The People* v. *Rector* arose upon a conviction on an indictment for murder, and BRONSON, J., in some remarks, in a dissenting opinion, explaining the meaning of the statute as to

manslaughter, holds that section six (2 R. S., 661) applies to that class of cases where the accused, while engaged in the commission of some other crime or misdemeanor, kills a human being by accident or misadventure, and without any intent to do him bodily injury, and has no application where an attack, with or without an intent to kill, is made upon a particular individual. The same doctrine appears to have been sanctioned in *The People* v. *Butler*, in the Supreme Court. These views have not, however, been sustained, and they are adverse to a majority of the court in the case first cited; have been repudiated and are contrary to the opinions expressed by other distinguished judges: (See *Darr* v. *The People*, 10 N. Y., 161; *Fitzgerrold* v. *The People*, 37 id., 413; 5 Trans. Appeals, 173; *Dolan* v. *The People*, 64 N. Y., 485; *People* v. *Van Steenburgh*, 1 Parker, 39.) In *The People* v. *Foster* (*supra*), it is stated that the question has never been determined by the court of last resort. The opinion herein of the General Term by Follett, J., discusses very fully the bearing of the decisions cited, and further elaboration is not required. As the question now considered was not distinctly passed upon, they do not demand more particular consideration. But whatever views may have been entertained in other cases, we are of the opinion that, under the circumstances presented in the case at bar, there was no error in the charge of the judge, and that within the third subdivision of the statute, the prisoner was properly convicted of murder in the first degree.

The decision of the General Term, sustaining the charge which we have considered, is placed upon the ground that the death did not result from the rape, but from the strangling of the girl, which was an act distinct from the rape. While there are strong reasons for sustaining this view, as we have arrived at the conclusion that the charge may be upheld upon the grounds we have stated, it is not necessary to consider that aspect of the question.

After the jury had returned into court and rendered a verdict of guilty, the prisoner's counsel moved for a new

trial upon the minutes upon two grounds; the first being the exception to the charge which has been considered; and the second, upon the ground that the law requires that the court should have read to the jury in the charge all the law in regard to murder or manslaughter; and that the court called attention to what constituted murder in the first degree, under the subdivisions only, and did not refer to the subdivisions in regard to murder in the second degree, and to manslaughter in its various degrees. The motion was denied, and the prisoner's counsel excepted.

As we have already considered the first ground upon which the motion was made, further discussion is not required. In regard to the second ground, even if the point urged is properly before the court, we think it cannot be sustained. The objection is that no option was given to the jury, and the court did not define or call attention to the crime of murder in the second degree, or to the various degrees of manslaughter, or inform them of their right to convict of any of these offenses. The answer to this position is that the court was not requested to give the instruction required. It was not claimed upon the trial that the statutes last referred to had any application and should be read, and the court fully discharged its duty in confining its charge to the provisions of the statute which were deemed applicable to the evidence as disclosed upon the trial. In *Foster* v. *The People* (*supra*), it was laid down that "if the facts proved upon a criminal trial are capable of two constructions, or if in one view of the evidence a particular intent may be found, and yet the facts may justify the finding of an intent involving another degree of guilt, the court is bound, upon the request of the prisoner, to declare the rule of law applicable to the case in either aspect." Within this rule, as no claim was urged that the facts presented two aspects, and no request was made to that effect, the court was not called upon to consider and present both views of the subject. None of the decisions cited by the prisoner's counsel sustain the position that under such circumstances,

without the attention of the judge being called to the matter in any form, it was his duty to give the instructions now claimed, upon questions not raised upon the trial. It may be observed that as the case stood, in view of the evidence, the charge of the judge as given was fully warranted.

Aside, however, from the consideration suggested, we think the court had no power to grant the motion. The only power conferred in such a case is derived from chapter 295 of the Laws of 1876, which authorizes the presiding justice or judge of the Court of Oyer and Terminer to grant a new trial, on motion of the prisoner, upon exceptions taken on the trial, or on newly discovered evidence. No case was made out, within this statute. (*Quimbo Appo* v. *The People*, 20 N. Y., 531; *The People* v. *Montgomery*, 13 Abb. [N. S.], 207.)

It is also insisted that in criminal cases the court is required to order a new trial if it is satisfied that the verdict is against evidence or against law, or that justice requires a new trial. We are referred to *Manuel* v. *The People* (48 Barb., 548), as authority for this position, and the rule is thus laid down in the opinion by Ingraham, J., and a new trial was granted in that case on a conviction for murder, upon the ground that there was a want of proof of the intent, and that a conviction of murder was not warranted by the evidence. This was done by virtue of the provision in chapter 337 of the Laws of 1855, as amended by chapter 330 of the Laws of 1858 (5 Edm. Stat., 177), which authorizes a writ of error to the Court of Sessions of the city and county of New York, and confers authority to grant a new trial where the court is satisfied, that the verdict is against the weight of evidence or against law, or that justice requires a new trial, whether an exception has been taken or not in the court below. This statute has no application to writs of error in other counties in this State, and therefore the decision cited is not in point.

In criminal cases, the same strictness in regard to exceptions will not be enforced as in civil cases, and the court will

look at the substance of the points urged, having in view the promotion of justice. (*The People* v. *Bennett*, 49 N. Y., 140.) In the examination of the case presented on this writ of error, we have endeavored to give the prisoner the benefit of the points urged, without regard to strict technical rules, and we are unable, after a full and careful consideration of the questions raised, which the magnitude of the crime and the consequences eminently demand, to discover that any error was committed upon the trial, or that any injustice has been done. The case was carefully tried, and the conviction of the prisoner depended mainly upon circumstantial evidence, which it was the peculiar province of a jury to weigh; and we are not prepared to say, even if we had authority to interfere with their decision, that they arrived at an erroneous conclusion.

We are of the opinion, therefore, that the judgment was right and must be affirmed; and that the proceedings must be remitted to the court below, to proceed as required by law.

All concur.

Judgment affirmed.