## COURT OF APPEALS,
### January 28, 1910.

## THE PEOPLE v. FRANK SCHLEIMAN.

MURDER—COMMITTED WHILE ENGAGED IN COMMITTING BURGLARY—TRIAL—
REFUSAL TO CHARGE VARIOUS DEGREES OF MURDER.

On the trial of defendant on an indictment for murder alleged to
have been committed by him while he was engaged in the commission
of a burglary, the trial judge was requested to "charge the various
degrees of crime;" and an exception was taken to his refusal, where-
upon the court added, "the jury must either find the defendant
guilty of murder in the first degree or not guilty," to which instruc-
tion an exception was taken. *Held,* that the trial judge committed
no error either in the refusal to charge as requested or in the addi-
tional instruction to the jury; but that the conditions are excep-
tional which warrant a refusal to instruct the jury as to their power
to convict of a lower degree of the crime charged for which the de-
fendant *is upon trial, and great care should be observed not to with-
hold such instruction unless the case is one where there is no possible·
view of the facts which would justify any other verdict except a con-
viction of the crime charged or an acquittal.

APPEAL from a judgment of the Supreme Court, rendered
October 8, 1909, at a Trial Term for the county of Kings, upon
a verdict convicting the defendant of the crime of murder in
the first degree.

The facts, so far as material, are stated in the opinion.

*Edward J. Reilly* for appellant. The judgment should be·
reversed upon the refusal of the trial judge to define the var-
·ious degrees of the crime of homicide, and to instruct the jury
that they might find the defendant guilty of a lesser degree.
(Code Crim. Pro. § 444; *People v. Wilson,* 109 N. Y. 347;
*People ex rel. Young v. Stout,* 81 Hun, 336; *People v. McCal-
lan,* 3 N. Y. Cr. Rep. 199; *People v. McDonald,* 96 N. Y. 657;

*People v. Thompson,* 41 N. Y. 1; *People v. Lamb,* 2 Abb. Pr. 288; *People v. Stratt,* 81 Hun, 306; *People v. Sullivan,* 173 N. Y. 130; *People v. Young,* 96 App. Div. 35; *People v. Foster,* 16 Misc. Rep. 14; *People v. Fabian,* 126 App. Div. 15.)

*John F. Clarke, District Attorney,* for respondent. As there was no evidence or inference arising from the evidence reducing the case to murder in the second degree or manslaughter, it was the right and duty of the court to refuse to charge on the lesser degrees of homicide. (*State v. Young,* 67 N. J. L. 231; *Turner v. State,* 48 Tex. Cr. Rep. 585; *State v. Sexton,* 147 Mo. 89; *State v. Tettaton,* 159 Mo. 355; *State v. Mahly,* 68 Mo. 317; *State v. Baker,* 146 Mo. 379; *State v. Kornstett,* 62 Kan. 221; *People v. Repke,* 103 Mich. 459; *People v. Nunn,* 120 Mich. 530; *People v. Wright,* 93 Cal. 564.)

WILLARD BARTLETT, J.:

The facts in this case do not differ materially from those which we were recently called upon to consider in reviewing the conviction of Carlo Giro, who was engaged in the same burglary and held responsible for the same homicide. (*People v. Giro,* 197 N. Y. 152.) It is not necessary to restate these facts here, inasmuch as to do so we should merely have to repeat the language of Judge VANN in dealing with that branch of the case. Upon both trials it was clearly established that this defendant Schleiman must have fired the fatal shot. The only question which differentiates this appeal from that of Giro arises out of the refusal of the trial judge to comply with the request of counsel for the defendant that he should " charge the various degrees of crime." An exception was taken to this refusal, whereupon the court added: " The jury must either find the defendant guilty of murder in the first degree or not guilty." An exception was likewise taken to this additional instruction.

There were two counts in the indictment. The first count charged Giro and Schleiman, the present defendant, with having killed Sophie L. Staber while they were engaged in the commission of a burglary. The second count was the ordinary common-law count charging murder in the first degree by shooting the said Sophie L. Staber, willfully, feloniously and with malice aforethought. In his charge to the jury the trial court made no reference whatever to the common-law count. His instructions related wholly to the crime of murder in the first degree as defined by the Penal Code, "when committed . . . without a design to effect death, by a person engaged in the commission of . . . a felony, either upon or affecting the person killed or otherwise." (Penal Code, § 183; now Penal Law, § 1044, subd. 2.)

Section 610 of the Penal Law (formerly Penal Code, § 35) provides as follows: " Upon the trial of an indictment, the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime."

Under this statutory provision murder in the second degree is certainly a lesser degree of the crime charged in the indictment against the defendant. It has also been customary for trial judges to regard the various degrees of manslaughter as lesser degrees of the crime of felonious homicide; and, therefore, upon the trial of indictments for murder in the first degree it has been the usual practice for the trial judge, even without any request, and certainly when requested, to charge the jury that they might find the defendant guilty of murder in the second degree, or of manslaughter in any of its several degrees, or of an attempt to commit any of these crimes. (See *Fitzgerrold v. People,* 37 N. Y. 413, 421.)

The refusal of the learned trial judge so to instruct the

jury in the present case was obviously based upon the idea that under the undisputed evidence there were no facts proved or suggested which would warrant the jury in finding that the defendant was guilty of any other degree of homicide, unless he was guilty of murder in the first degree. He evidently regarded the power expressly conferred upon the jury by section 610 of the Penal Law, to convict of a lesser degree of the same crime, as capable of exercise only where the facts proved or sought to be proved would really and logically justify a conviction for the lower grade of crime.

The New York statute empowering the jury to convict of a lesser degree of crime than that charged in the indictment, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime, is largely declaratory of the common-law rule upon the same subject. At common law the jury might convict of a cognate offense, but of a less aggravated character, where the language of the indictment was broad enough to embrace such lesser offense. (9 Halsbury's Laws of England, 371, and cases cited in foot note.)

The definition of murder in the first degree in the Penal Code (now the Penal Law) of this state, when committed " From a deliberate and premeditated design to effect the death of the person killed, or of another," is broad enough to embrace murder in the second degree, as defined in the same statute, or manslaughter in either of its degrees. Hence, if the defendant had been tried for killing Mrs. Staber with a deliberate and premeditated design to effect her death, the refusal of the trial judge to instruct the jury in reference to these lesser degrees of felonious homicide would unquestionably have been error. But the defendant was not tried for deliberate and premeditated murder at all. He was tried for killing Mrs. Staber without a design to effect her death, while he was engaged in the

commission of a burglary. The evidence was directed toward the establishment of that form of murder in the first degree and toward nothing else. No suggestion was made in the charge that the defendant could possibly be found guilty of deliberate and premeditated murder. The accusation which the jury passed upon was an accusation of killing while engaged in the perpetration of a felony, a crime in which it is not necessary to prove any design to effect death. Under such circumstances, the power to convict of a lesser degree of felonious homicide which belongs to the jury in cases where the degree depends upon the intent cannot properly be exercised; because an intent to kill is not a necessary ingredient of the offense in this kind of murder. It is enough to show, beyond a reasonable doubt, that the killing was done while the slayer was committing or attempting to commit a felony.

Where the defendant has been tried for a murder of this character the opinion has quite uniformly prevailed that the trial judge is not bound to instruct the jury in reference to the lower degrees of felonious homicide. In *Buel v. People* (78 N. Y. 492) the question was not directly presented owing to the absence of any request raising the point. The court, nevertheless, remarked that as the case stood in view of the evidence the charge of the trial judge as given was fully warranted although he omitted to refer to the subdivisions of the statute in regard to murder in the second degree. This was a case of homicide without intent to kill perpetrated by a man engaged in the commission of the crime of rape. In *Sparf & Hansen v. U. S.* (156 U. S. 51) the defendants were indicted and tried for murder upon the high seas and both were convicted. In the course of his charge the trial judge said to the jury among other things: " If a felonious homicide has been committed, of which you are to be judges from the proof, there is nothing in this case to reduce it below the grade of mur-

der. . . . As I have said in this case, if a felonious homi-
cide has been committed at all, of which I repeat you are the
judges, there is nothing to reduce it below the grade of mur-
der." (p. 60). Mr. Justice HARLAN, in a very able opinion
largely devoted to a discussion of the respective functions of
judge and jury in criminal cases, expressed the concurrence of
the Supreme Court in the view of the trial judge that the evi-
dence afforded no ground upon which the jury could have
reached a conclusion that the defendants were guilty of a lower
offense than murder. This being so, he declared that it was not
error to instruct the jury that the defendant could not properly
be convicted of a lesser degree of crime or to refuse to in-
struct them in respect to the lower offenses that might, under
some circumstances, be included in the one for which he was
tried. (See page 103). In support of this view he cites de-
cisions in California, Pennsylvania, Missouri, Texas, North
Carolina, Iowa, Arkansas, Kentucky, Kansas and Georgia. It
is needless to repeat these citations here; but we may refer to
a few other authorities to the same effect which seem peculiarly
applicable to the case at bar.

The precise question involved here was decided in *People v.
Sanchez* (24 Cal. 17), where it was held that in a prosecution
for murder committed in the perpetration of a felony or in an
attempt to perpetrate a felony, the jury must find the defend-
ant guilty of murder in the first degree if they convict at all.

In *State v. Young* (67 N. J. L. 223), the defendant had con-
spired with other indicted persons to break into the house of
one Hunter and rob him. He was convicted under the pro-
visions of a New Jersey statute which declared that any per-
son who in committing or attempting to commit burglary or
robbery killed another was guilty of the crime of murder. The
trial court charged the jury that if the killing of Hunter was
done in the committing of a burglary or in the attempt to com-

mit a robbery those who were accomplices engaged in and chargeable with the burglary or the attempt at robbery would all be guilty of murder in the first degree, even though they were not within the house and struck no blow upon the victim providing they were present, aiding and abetting the crime committed or attempted. The trial judge added: "So there cannot be any other verdict against this defendant than that of murder in the first degree; the only other verdict must be not guilty." It was contended that this instruction was erroneous because it ignored the power of the jury in such a case to return a verdict of murder in the second degree or manslaughter or assault and battery. The New Jersey Court of Errors and Appeals, however, held that inasmuch as the instruction was an accurate statement of the law, the fact that the court did not tell the jury that it was within their power to find a verdict unwarranted by the evidence constituted no error. Indeed Chancellor Magie, who delivered the opinion of the court, declared that a contrary doctrine seemed to him monstrous and one that would lead to a perversion of justice.

In *People v. Nunn* (120 Mich. 530), one of the assignments of error was the omission of the trial court to direct the jury that they might render a verdict for a lesser offense than murder in the first degree. The Supreme Court of Michigan said: "There was no error in this. If the respondent was guilty at all, it was of murder in the first degree, and nothing short of that. The jury were left to determine his guilt or innocence, and the court properly instructed them that, if they found him guilty, it must be of murder in the first degree."

The same doctrine was asserted by the Supreme Court of Wisconsin in *Fertig v. State* (100 Wis. 301, 313). "It is only where there is evidence tending to establish a particular offense of criminal homicide that the trial court is required to instruct the jury in regard to it. When, on the evidence, the accused is

clearly guilty of murder in the first degree, or not guilty, it is not only the right, but the duty, of the court to so instruct the jury."

The defendant in *State v. Burns* (124 Iowa, 207), was tried for murder in the first degree committed by administering morphine. The court instructed the jury that when murder was perpetrated by means of poison the law implied by reason of the nature of the act that it was done intentionally, willfully, deliberately, premediatedly and with malice aforethought and, therefore, declared it to be murder in the first degree. Such being the law the jury were told that they were not called upon to consider whether the prisoner was guilty of murder in the second degree or manslaughter. Their verdict must be guilty of murder in the first degree or not guilty. This instruction was held to be correct under the circumstances, the Supreme Court saying that it was not necessary for the trial judge to submit the question of manslaughter to the jury.

Some of these cases in other jurisdictions assert a broader doctrine than it would be safe to sanction under the law of homicide in this State. Where the indictment charges murder in the first degree in the common-law form only or murder in the first degree committed from a deliberate and premeditated design to effect death and the defendant is tried upon that charge, he is entitled, if he so requests, to have the jury instructed that it is within their power to find a verdict for a lesser degree of felonious homicide. Upon a murder trial such instruction may properly be refused only where the evidence is directed toward the establishment of a kind of murder in which the intent to kill is immaterial. Such was the case here. No attempt at all was made to prove the second count of the indictment which was in the common-law form. As has already been pointed out, the prosecution sought only to prove, not the intentional killing of Mrs. Staber by the defendant,

but her death at his hands, irrespective of any intent to kill her, while the defendant was engaged in the commission of a burglary. Intent not being an element of the crime of murder in the first degree, when committed under such circumstances, there was no room for the exercise of a power to find the defendant guilty of a lesser degree of felonious homicide depending upon the existence or non-existence of deliberation and premeditation. Hence, the learned trial judge committed no error in refusing to charge in reference to the various degrees of crime in this case or in instructing the jury that they must find the defendant guilty of murder in the first degree or not guilty. His action in this respect indicated, on the contrary, a clear and accurate comprehension of the law of criminal procedure as applicable to the circumstances of the case. The conditions are exceptional, however, which warrant a refusal to instruct the jury as to their power to convict of a lower degree of the crime charged for which the defendant is upon trial and great care should be observed, as was done here, not to withhold such instruction unless the case is one like that before us, where there was no possible view of the facts which would justify any other verdict except a conviction of the crime charged or an acquittal.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur.

Judgment affirmed.

------

# HOMICIDE WHILE ENGAGED IN THE COMMISSION OF OTHER CRIMES.

**IN GENERAL.**

It is the general rule that evidence of a crime, which is distinct and independent of the one for which the defendant stands indicted, cannot be

received on his trial. This rule is not applicable, however, where, although the crimes are independent, one has a distinct relation to and bearing upon the facts connected with the other. Evidence was admitted of an act of defendant, which might have been found to be a felony, which act preceded by a very few minutes the shooting of a police officer, who was attempting to arrest him, for which latter crime defendant was on trial. Defendant claimed that he fired the shot by which the policeman was killed in self-defense. The court charged that the evidence of the previous act was admitted solely for the purpose of showing that a felony had been committed and that the defendant was liable for arrest therefor, as bearing upon his motive when he fired upon the officer, and for no other purpose, *Held*, no error. People v. Governale, 23 N. Y. Crim. 114.

One, being in the pursuit of an unlawful design, who unintentionally kills another, is guilty of murder if the intended crime is a felony, and of manslaughter if the intended crime is a misdemeanor. Whether the intended offense is a felony or a misdemeanor is not to be ascertained by the common-law classification, but by the classification made by statute. Smith v. State, 33 Me. 48.

Wilful homicide, committed under such circumstances as would reduce the grade to manslaughter, is murder when the perpetrator happened to be engaged in the commission of a felony at the time the homicide was committed. Henry v. State, 51 Neb. 149.

**WHEN HELD TO BE MURDER.**

Whenever one, in doing an act with the design of committing a felony, takes the life of another, even if by accident, it is murder. People v. Olsen, 80 Cal. 122.

An unintended homicide committed by one who is at the time engaged in the commission of a felony, is murder both at common law and under statute. People v. Van Steenburgh, 1 Park. Crim. 39.

Killing effected by a person engaged in the commission of a felony is murder in the first degree, notwithstanding that the act which produced death was not intended to kill. People v. Cole, 2 N. Y. Crim. 108.

The killing of any human being by one engaged in the commission of a felony is murder in the first degree, whether the felony was committed upon or affects any person, or concerns property only. People v. Greenwall, 115 N. Y. 520.

**WHEN HELD TO BE MANSLAUGHTER.**

While engaged in an unlawful assembly or riot. Brennan v. People, 15 Ill. 511.

While engaged in committing an abortion. Howard v. People, 185 Ill. 552.

If the unlawful act be a trespass only to make all guilty of murder the death must ensue in the prosecution of the design. If the unlawful act be a felony, or be more than a bare trespass, it will be murder, although the death happened collaterally, or beyond the original design. State v. Shelley, 8 Iowa, 477.

Homicide, occasioned by committing or attempting to commit a misdemeanor, though murder at the common law, is by the revised statutes reduced to manslaughter in the first degree. People v. Rector, 19 Wend. 569. (Rule changed by statute.)

Indictment for manslaughter in second degree, where defendant charged with feloniously breaking wires, which caused death of deceased, held sufficient. People v. Corbalis, 18 N. Y. Crim. 356.

Where it appears upon the trial of a defendant indicted for murder in the first degree for killing a police officer, who was attempting to arrest him, that defendant, while attempting to commit a burglary, was discovered by a private watchman; that abandoning the property which he had stolen, he ran from the building, pursued by the watchman, until they were seen by a policeman, who took up the pursuit, calling upon defendant to stop or he would shoot; that after following him for about three hundred feet, the policeman had so gained upon the defendant that he was but a few feet distant from him, when the latter suddenly drew his revolver and shot the policeman, producing a wound from which he died, it is reversible error to charge the jury that in case the defendant did not intend to kill the policeman and that the killing was without premeditation, yet if they found that he fired the shot at the policeman after he had attempted to burglarize or had burglarized the premises described in the indictment, and was attempting to escape therefrom, then the verdict ought to be for murder in the first degree; since at the time of the killing the defendant had ceased to be engaged in the commission of a burglary. People v. Huter, 20 N. Y. Crim. 36.

While engaged in resisting officers. Com. v. Daley, 2 Pa. L. J. Rep. 361.

**SPECIFIC CRIMES.**

Arson. Reddick v. Com., 33 S. W. 416.

Abortion.   On the trial of an indictment for manslaughter by performing an operation to cause abortion, a hypothetical question may embrace statements of another witness, who testified that the instrument used looked like a bougie or catheter, with which instruments the witness was familiar, and either of which could be used for abortion.   People v. Weick, 22 N. Y. Crim. 174.

Assault for robbery.   Evidence upon trial for murder committed in an assault upon deceased for the purpose of robbery, examined and held sufficient.   People v. Jackson, 19 N. Y. Crim. 342.

Burglary.   Where one breaks into a dwelling house burglariously, with intent to steal, he is engaged in the commission of the crime until he leaves the building with his plunder; and if, while engaged in any of the acts immediately connected with his crime, he kills a person resisting, he is guilty of murder under the statute.   Dolan v. People, 64 N. Y. 485.

An intent to kill is not a necessary ingredient of the crime. and it is not necessary to aver an intent to kill, in an indictment charging the killing to have been done while the defendant was engaged in the commission of a felony.   Cox v. People, 80 N. Y. 500.

Rape.   Where a person engaged in the commission of the crime of rape, by means of any force or violence employed by him for the purpose of accomplishing his object, causes the death of the female, although he did not intend to kill, he is guilty of murder in the first degree.   Buel v. People, 78 N. Y. 492.

Suicide.   One who, while attempting to commit suicide, unintentionally kills another, is guilty of murder.   Com. v. Mink, 123 Mass. 422.

### WHEN ENGAGED IN A COMMON CRIME.
Burglary.   Carrington v. People, 6 Park. Crim. 336.

If a homicide is committed by one of several persons, in the prosecution of an unlawful purpose or common design, in which the parties have united, and to effect which they have assembled, all are liable to answer criminally for the act; and if such homicide committed within the common purpose is murder, all are guilty of murder.   Ruloff v. People, 45 N. Y. 213.

Two prisoners who, while escaping from prison by force, jointly and with a common design assault and strike the keeper, so that he dies from the injury received, are both guilty of murder in the first degree, whether either intended to take life or not, and without regard to which one struck the mortal blow.   People v. Flanigan, 17 N. Y. Crim. 300.