## COURT OF APPEALS.

### July 14, 1921.

# THE PEOPLE v. JAMES VAN NORMAN.

(234 N. Y. 454.)

(1) MURDER—INDICTMENT FOR MURDER IN THE FIRST DEGREE WHILE ENGAGED IN AN ASSAULT IN THE FIRST DEGREE UPON ANOTHER PERSON THAN THE DECEASED—ERRONEOUS REFUSAL TO CHARGE THAT DEFENDANT MIGHT BE CONVICTED OF A LESSER DEGREE OF FELONIOUS HOMICIDE THAN MURDER IN THE FIRST DEGREE.

Defendant was indicted for murder in the first degree for killing one Severance while engaged in the commission of a felony, viz., assault in the first degree upon the person of one Biggs, a police officer by shooting him with a loaded revolver with intent to kill him. It was shown upon the trial that defendant and three others, including the deceased, were arrested after committing a burglary and while being taken to the police station defendant discharged a revolver several times at the police officer, two shots of which hit the officer and one killed the deceased. At the conclusion of the case the court refused to instruct the jury that defendant might be convicted of a lesser degree of the crime charged in the indictment (Penal Law, § 610) and specifically refused to charge that if defendant had assaulted Biggs with a loaded revolver without deliberation and premeditation, but with an intent to kill him, and killed Severance instead, the offense would be murder in the second degree. The jury should have been instructed that the prisoner might be convicted of a lesser degree of felonious homicide than murder in the first degree.

(2) SAME—EFFECT AND APPLICATION OF SECTION 444, CODE OF CRIMINAL PROCEDURE.

It may seem anomalous that a conviction of a lesser degree of felonious homicide should be permitted when assault in the first degree results in the killing of another than the one assaulted and should not be permitted when burglary results in killing, but the rule (Code Crim. Proc., § 444) that "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto," may be deviated from in homicide cases only when the intent to kill is not a necessary element of the offense charged in the indictment and established on the trial. (People v. Schleiman, 197 N. Y. 383, distinguished.)

APPEAL from a judgment of the Supreme Court, rendered March 22, 1921, at a Trial Term for the county of Suffolk, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Nathan O. Petty* and *Alex. G. Blue,* for appellant. It was error for the court to refuse to charge the jury the other degrees of homicide under section 610 of the Penal Law. (People v. Spohr, 206 N. Y. 516; People v. Marendi, 213 N. Y. 600; People v. Marwig, 227 N. Y. 382.)

*Le Roy M. Young,* for respondent. The court correctly charged the jury as to the degree of crime. (People v. Schleiman, 197 N. Y. 383; People v. Patini, 208 N. Y. 176; People v. Miles, 143 N. Y. 383.)

POUND, J.:

The indictment charges defendant with the crime of murder in the first degree committed as follows:

" The said James Van Norman on or about the 15th day of December, 1920, at the town of Huntington in the county of Suffolk aforesaid, unlawfully and feloniously shot and killed *one Wilbur E. Severance* with a revolver, the said James Van Norman being then and there engaged in the commission of a felony, to wit: *Assault in the first degree upon the person of one Amza W. Biggs by shooting the said Amza W. Biggs with a loaded revolver with intent to kill him.*"

The facts established by the evidence were as follows: Defendant and three others, Severance, the deceased, Selser and Smith, went from New York to Huntington in Suffolk county on the night of December 15, 1920. The first three named burglarized the house of one Jeavons, leaving Smith outside to watch. Smith left them and notified the police. They were afterwards met by Biggs and Wenzel, officers, and Cisco, a colored driver, in a Ford touring car. Defendant and his com-

panions were placed under arrest and ordered into the car by the officers. After they had proceeded about a mile and a half toward the police station, defendant discharged a forty-four calibre revolver six times in quick succession at Biggs. The first and sixth shots struck Biggs and one shot killed Severance. Biggs meanwhile fired three shots from his revolver, each of which slightly wounded defendant.

At the conclusion of the case the court refused to instruct the jury that the defendant might be convicted of a lesser degree of the crime charged in the indictment (Penal Law, § 610) and specifically refused to charge that if defendant assaulted Biggs with a loaded revolver without deliberation and premeditation, but with intent to kill him and killed Severance instead, the offense would be murder in the second degree.

The jury should have been instructed that the prisoner might be convicted of a lesser degree of felonious homicide than murder in the first degree. The learned trial judge relied on People v. Schleiman (197 N. Y. 383, 390) in which it was held that the trial judge committed no error on the trial of a defendant on an indictment for murder alleged to have been committed by him while he was engaged in the commission of a burglary when he refused to charge the different degrees of crime and instructed the jury that they must either find the defendant guilty of murder in the first degree or not guilty. The reason for this holding was that " under such circumstances, the power to convict of a lesser degree of felonious homicide which belongs to the jury in cases where the degree depends upon the intent cannot properly be exercised." Willard Bartlett, J., writing for the court, said : " Upon a murder trial such instruction may properly be refused only where the evidence is directed toward the establishment *of a kind of murder in which the intent to kill is immaterial.* * * * The conditions are exceptional, however, which warrant a refusal to instruct the jury as to their power to convict of a lower degree of the crime charged for which the defendant is upon trial and

great care should be observed, as was done here, not to withhold such instruction unless the case is one like that before us, where there was no possible view of the facts which would justify any other verdict except a conviction of the crime charged or an acquittal." But in this case intent to kill was material because it was an element of the crime of murder in the first degree as charged in the indictment. The commission of the felony of assault in the first degree upon Biggs as charged in the indictment included the intent to kill Biggs. (Penal Law, § 240.) Murder in the second degree is defined (Penal Law, § 1046) as follows: " Such killing of a human being is murder in the second degree, *when committed with a design to effect the death of the person killed, or of another, but without deliberation and premeditation."*

On the facts established on the trial defendant might have been indicted for the crime of murder in the second degree. There was a possible view of the facts which would justify a verdict other than conviction of murder in the first degree or an acquittal. The jury might have ignored the element of the crime charged in the indictment that defendant was engaged in the commission of a felony, which raised it to murder in the first degree (Penal Law, § 1044; People v. Miles, 143 N. Y. 383, 389), and found merely that defendant assaulted Biggs with a loaded revolver, without delibebration and premeditation, but with intent to kill him, and killed Severance instead. Then the offense would be murder in the second degree. (People v. Spohr, 206 N. Y. 516, 521.) Beyond that was room for the exercise of a power to find the defendant guilty of manslaughter in the first or second degree, depending upon the absence of the intent to kill. (Penal Law, §§ 1049, 1050, 1052.)

It may seem anomalous that a conviction of a lesser degree of felonious homicide should be permitted when assault in the first degree results in the killing of another than the one assaulted and should not be permitted when burglary results in

killing, but the rule (Penal Law, § 610; Code Crim. Pro. § 444) that "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto," may be deviated from in homicide cases only when the intent to kill is not a necessary element of the offense charged in the indictment and established on the trial.

The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CHASE, J., deceased.

Judgment of conviction reversed, etc.