The People of the State of New York, Respondent, *v.* Harry L. Hoffman, Appellant.

Second Department, February 4, 1927.

Crimes — murder, second degree — defendant was indicted for murder in first degree in that he " without a design to effect the death of one Maud C. Bauer, while engaged in an attempt to commit a felony," did kill and slay said Maud C. Bauer with revolver — error to submit case to jury on theory that homicide was result of deliberate and premeditated design — conviction of murder in second degree cannot be found under indictment.

A defendant who was indicted for murder in the first degree was improperly convicted of murder in the second degree, since it appears that the indictment

charged that the defendant " without a design to effect the death of one Maud C. Bauer, while engaged in an attempt to commit a felony," rape in the first degree, upon the person of said Maud C. Bauer, did willfully kill her with a revolver. A conviction under the indictment could be had only for murder in the first degree.

It was error for the court to submit the case to the jury on the theory that the homicide was the result of a deliberate and premeditated design to effect the death of the person killed.

The conviction of the defendant must, therefore, be reversed.

APPEAL by the defendant, Harry L. Hoffman, from a judgment of the County Court of the county of Richmond, rendered on the 29th day of May, 1924, convicting him of the crime of murder in the second degree.

*Leo H. Klugherz* [*Leonard A. Snitkin* with him on the brief], for the appellant.

*Lester L. Callan, Assistant District Attorney* [*Albert C. Fach, District Attorney*, with him on the brief], for the respondent.

JAYCOX, J. The defendant has been convicted of murder in the second degree under an indictment which charged murder in the first degree in the following form:

" The said Harry L. Hoffman in the Borough of Richmond, City of New York, County of Richmond and State of New York, on or about the 25th day of March in the year of our Lord one thousand nine hundred and twenty-four, *without a design to effect the death of one Maud C. Bauer*, while engaged in an attempt to commit a felony, to wit: Rape in the first degree upon the person of the said Maud C. Bauer, did wilfully, feloniously and unjustifiably kill and slay the said Maud C. Bauer with a certain revolver, against the form of the statute," etc.

Upon the trial the case was submitted to the jury both upon the theory of the homicide having been perpetrated during an attempt to commit a felony and also upon the theory that the homicide was the result of a deliberate and premeditated design to effect the death of the person killed. To the submission upon the latter theory exception was duly taken. The verdict of murder in the second degree clearly indicates that the latter theory was accepted by the jury, or that they applied some portion of the instructions in relation to the latter form of homicide to the homicide as charged in the indictment. There is no second degree of murder when committed as charged in the indictment. (Bishop's Directions & Forms, § 532; *People* v. *Schleiman*, 197 N. Y. 383.)

Under indictments in common-law form it has been held, in a number of instances, that a conviction might be had of murder in the first degree when the killing occurred in the commission

of a felony. (*People* v. *Sullivan,* 173 N. Y. 122; *People* v. *Giblin,* 115 id. 196; *People* v. *Nichols,* 230 id. 221.) In all of those cases actual malice was alleged and it was held that, under such an allegation, the People were entitled to prove facts from which malice must be implied as a matter of law. There is a clear exposition of this theory in *People* v. *Nichols* (*supra*). For that purpose, under a common-law form of indictment, the prosecution is entitled to show that the homicide occurred while the defendant was engaged in the commission of another felony. That is a method of proving a necessary ingredient of the crime as charged in the indictment. In none of those cases is it stated, nor is anything said from which it may be inferred that a case may be submitted to the jury upon a theory that is in direct conflict with this allegation of the indictment. Limiting our decision to the indictment involved in this action, we are of the opinion that such submission was error.

The indictment alleges that this homicide was committed " without a design to effect   *   *   *   death " and the defendant has been convicted of murder in the second degree, a crime of which the design to effect death is a necessary element. (Penal Law, § 1046.) As previously stated, there is no second degree of the crime as charged. Therefore, when the jury found the defendant guilty of murder in the second degree they found him guilty of a crime not charged in the indictment, or any degree inferior thereto. (Code Crim. Proc. § 444; *People* v. *Schleiman, supra.*) In doing so they necessarily found the defendant guilty of a design to effect death and this design is expressly negatived by the indictment. This finding was in accordance with the charge. Therefore, the jury were permitted to find a fact not a necessary element of the crime as charged, a fact denied in the indictment, and to base their verdict thereon. The indictment was entirely sufficient in form, but it did not authorize a conviction of murder in the second degree, as a necessary element of that crime was omitted.

In *People* v. *Schleiman* (*supra*) the court, per Judge WILLARD BARTLETT, say: " The accusation which the jury passed upon was an accusation of killing while engaged in the perpetration of a felony, a crime in which it is not necessary to prove any design to effect death. Under such circumstances, the power to convict of a lesser degree of felonious homicide which belongs to the jury in cases where the degree depends upon the intent cannot properly be exercised; because an intent to kill is not a necessary ingredient of the offense in this kind of murder."

From this reasoning we think it follows, logically, that a conviction for murder in the second degree cannot be had under an

indictment which alleges that no design to effect death existed. This conclusion is strengthened by *People* v. *Van Norman* (231 N. Y. 454), in which the distinction between cases in which convictions may be had for murder in the second degree, when the homicide is committed while the defendant is engaged in the commission of a felony and those in which it may not, is pointed out. That case indicates that the design to effect death is an absolutely essential element in a conviction of murder in the second degree.

The judgment of conviction of the County Court of Richmond county should be reversed upon the law and a new trial ordered.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment of conviction of the County Court of Richmond county reversed upon the law, and new trial ordered. We have examined the record and find no error as to the facts.