Per Curiam.

Defendant has been convicted of assault second degree under an indictment charging the willful wounding and infliction of grievous bodily harm to Reva Reznick by striking and beating her. A few hours after the assault the body of Miss Reznick was found in Lake George. Her death was due to drowning and it is not charged or suggested by the prosecution that defendant has any criminal responsibility for the drowning under this indictment.
The injuries shown by autopsy consist in substance of a bruise and swelling about three and a half inches in diameter on the forehead over the eye, and in this area was an abrasion a half-inch in diameter. Both lips were swollen; there was an abrasion on the inside of the lip; there was a swelling in the back of the head three inches in diameter in which there was some bleeding in the muscle; there was a bruise on the left side of the jaw and some smaller cuts and abrasions on her hands and legs.
The record could sustain a finding that defendant struck Miss Reznick three times with his hand “ in a round position ” while they were sitting alone in an automobile after she had *67 rejected his advances; that there was a struggle “ for a few minutes ” and from this it could be found that the conditions observed at autopsy were caused by defendant.
No reported case in New York, however, has rested a finding of ‘ ‘ grievous bodily harm ’ ’, defined in subdivision 3 of section 242 of the Penal Law, on such injuries as these, and while the sufficiency of the injuries to constitute the gravity of bodily harm required by the statute is closely debatable, we are of opinion that a case prima facie is shown. It is one, however, that requires careful instruction to the jury on the necessity of showing beyond a reasonable doubt two necessary conditions: (a) that the injuries were attributable to defendant’s assault and not to an intervening cause; and (b) that the resulting injuries were serious enough in themselves, and entirely isolated from the drowning, to constitute grievous bodily harm.
In New York there is the additional requirement that to prove this kind of assault a coextensive intent to cause grievous bodily harm must be established, and an intent to assault without an intent also to cause the resulting grave injury is not enough. (People v. Katz, 290 N. Y. 361.) When the assault is a blow without a weapon, intent assumes major importance, and there is authority suggesting that proof of something more than the blow alone is necessary to show an intent to do the grievous bodily harm. (Queen v. Wheeler, 1 Cox Crim. Cas. 106.) The question of intent is very close as a matter of law on this record, but it is sufficient to be left with the jury.
Acts constituting assault in the third degree are admitted by defendant on the record. The main problem of the jury, therefore, was whether the injuries found on autopsy were inflicted by defendant and whether, if they were, were they grievous bodily injuries and within the intention of defendant.
The case required full and careful instruction of the jury that their problem was not the drowning, but the gravity and intention with which the assault was committed. Nothing in the charge of the court would suggest to any layman that this was the main business of the jury. A routine charge is wholly inadequate to the requirements of this case. The nature of the problem, which is difficult enough at best, should be carefully explained in terms and language comprehensible to laymen and the attention of the jury should be pointedly focused on the main points in issue. They should be told plainly that if the facts did not establish assault in the second degree they
*68 could find, under defendant’s own admission, assault third degree. (People v. Van Norman, 231 N. Y. 454.)
Photographs of the dead body were received in evidence. The court is of divided opinion on the question of admissibility of these photographs which are gruesomely inflammatory in a case where the defendant is charged, not with homicide, but with assault. The majority of the court is of opinion that the Trial Judge was vested with a discretionary power to admit them, but that a wise discretion might have excluded them upon the ground that any jury would find unduly difficult and burdensome the task of their delimitation to the charge of assault. The duty of the judge to instruct the jury with care and precision that the responsibility of defendant for the drowning was not before the jury for its consideration became at once both more imperative and more difficult because of these exhibits. A fair reading of the charge, which recites the drowning and finding of the body as among the questions “ purely for your consideration to pass upon ’ ’ leaves open the inference to the mind of lawyer and layman alike that the jury could consider responsibility for the drowning as part of its function.
A statement was taken by the District Attorney from the defendant while he was under the compulsion of a subpoena to attend the Grand Jury. The statement was signed and acknowledged in the anteroom of the Grand Jury and then presented to the jury while it was considering defendant’s indictment. The court received the statement in evidence. The statement was not inadmissible as a matter of law, but the court should have submitted to the jury the question whether the statement under the circumstances was voluntary or under compulsion, with clear instructions that if it were under compulsion to reject it. (People v. Randazzio, 194 N. Y. 147.) The inadmissibility as a matter of law of the statement considered in People v. Ferola (215 N. Y. 285) was distinctly not passed upon.
The effect of character evidence was correctly stated in the main charge and should have been adhered to. The argument by the District Attorney, based on his unsworn statement of fact to the jury, on summation transcended the scope of fair argument and was prejudicial.
The judgment of conviction should be reversed and a new trial ordered.
Foster, P. J., Hefeernan, Brewster, Santry and Bergan, JJ., concur.
Judgment of conviction reversed, on the law and facts, and new trial granted.