■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS LEWIS, Appellant.— Judgment of the Supreme Court, New York County, convicting defendant of robbery in the first degree upon a jury verdict, unanimously reversed on the law, and a new trial ordered. The trial court refused defendant's request that the jury be charged that if they were not convinced beyond a reasonable doubt that the defendant committed robbery in the first degree, they could consider the lesser degree of the crime, to wit, robbery in the second degree, and the charges in the indictment of assault in the second degree or third degree; and the court charged that the "crimes charged in the other four counts in the indictment are included in the charge of robbery in the first degree, and it will, therefore, not be necessary for you to consider these crimes." Although the evidence was sufficient, we think, to justify the verdict, there were such deficiencies in the evidence that the jury could have found instead that the defendant acted without a dangerous weapon or an accomplice (Penal Law, §§ 2124, 2125) and without committing a robbery (Penal Law, §§ 242, 244; and, see, Code Crim. Pro., §§ 444, 445). "It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense. [Citations] And it does not matter how strongly the evidence points to guilt of the crime charged in the indictment, or how unreasonable it would be, as a court may appraise the weight of the evidence, to acquit of that crime and convict of the less serious." (People v. Mussenden, 308 N. Y. 558, 561–562; also People v. Valle, 15 N Y 2d 682, revg. on the dissenting opn. 21 A D 2d 765; and People v. Van Norman, 231 N. Y. 454.) This rule is particularly applicable where the indictment expressly sets forth counts of lesser crimes. (People v. Calhoun, 20 A D 2d 528; People v. Bentley, 19 A D 2d 368.) It was error, therefore, for the court to refuse to charge the lesser crimes charged and encompassed in the indictment in this case. Concur — Valente, J. P., McNally, Eager, Steuer and Witmer, JJ.