THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS WALL, Appellant.

Fourth Department, May 21, 1970.

216

*Nathaniel A. Barrell* (*Henrietta M. Wolfgang* of counsel), for appellant.

*Michael F. Dillon, District Attorney* (*Peter J. Notaro* of counsel), for respondent.

WITMER, J. The question presented on this appeal is whether criminally negligent homicide is a lesser included crime under an indictment for manslaughter in the first degree.

Defendant, Thomas Wall, was indicted for manslaughter of two persons, namely, Fred Perry and Robert or Roberto Perez, by shooting them. There were two counts with respect to the death of Perry and two counts, the 3rd and 4th, with respect to the death of Perez. Upon the trial the jury found defendant not guilty with respect to Perry, apparently on the theory that defendant shot him in self-defense. The jury, however, found defendant guilty of criminally negligent homicide of Perez, for which the trial court sentenced defendant to an indeterminate term of 4 years in custody of the Department of Correction at Attica; and defendant appeals from such judgment of conviction. He has been released upon a certificate of reasonable doubt.

On the night of October 2, 1967 defendant was in charge of a barroom in Lackawanna. Perry and Perez entered and engaged in boisterous horseplay, disturbing other customers. Perez was under age and was refused service. They left but soon returned, and when the barmaid again refused to serve Perez, Perry threatened to slap her. Her boyfriend was present and took up her defense, using a cue stick and broken beer bottle against Perry's switchblade knife. This confrontation was broken up and Perry and Perez again left, but not until Perry threatened to put the barmaid, her boyfriend and defendant into "the morgue" before the night was over.

Shortly, Perry and Perez again returned in front of the premises with more than a dozen other persons. Defendant called the police, who dispersed the group. After the police left, however, the group returned, pounded on the doors and windows and shouted, and Perry and Perez displayed knives and made throat-slashing and jabbing motions to defendant. Defendant had a military carbine rifle and went with it and the barmaid's boyfriend to the front door, and the group fled.

For a fourth time Perry and Perez returned, and this time entered the barroom. Defendant again displayed his rifle and they left; but within two or three minutes they returned with another person who moved near the end of the bar within a few feet of defendant's gun, and Perry went beyond the bar and moved toward defendant. Defendant warned Perry to stop, and then picked up the gun and shot him to death with a volley of shots. At that time Perez, who was considerably behind Perry and near the other end of the bar 20 or 30 feet from defendant, had turned toward defendant, and within three or four seconds defendant also shot him to death with another volley of shots, at least four striking him. Although Perry and Perez each had switchblade knives on them, they had no weapon in their hands when shot.

The indictment charged defendant with manslaughter in the first degree for the death of Perez, in the third count, "in that he * * * with intent to cause serious physical injury to Robert Perez, caused the death of Robert Perez by shooting him", and in the fourth count, "in that he * * * with intent to cause the death of Robert Perez and being under the influence of reasonable and excusable extreme emotional disturbance, in a situation and under circumstances as defendant believed to exist, caused the death of Robert Perez by shooting him." The court charged the jury that if they were unable to find defendant guilty of manslaughter of Perez in the first or second degree under the third count of the indictment, they

should consider whether defendant was guilty of the lesser crime thereunder of criminally negligent homicide. Defendant took no exception to the charge. The jury found defendant guilty of criminally negligent homicide under count three and not guilty of count four.

By finding defendant guilty of the court-charged lesser crime under count three, criminally negligent homicide, the jury in effect found him not guilty of manslaughter as specified in the indictment, that is, of causing the death of Perez with intent to cause him serious physical injury (*People* v. *Ressler,* 17 N Y 2d 174, 179–180). We must determine whether the crime of which defendant was convicted, that is, criminally negligent homicide, is a lesser included crime within the third count of the indictment, which was for manslaughter in the first degree.

Manslaughter in the first degree, as defined by section 125.20 of the Penal Law requires proof of a specific intent, i.e., an intent to cause serious physical injury (subd. 1); or to cause death in what might be called the '' heat of passion '' (subd. 2). The lesser crimes of manslaughter in the second degree and criminally negligent homicide are *not* crimes involving any specific intent. Indeed, the very definitions of these crimes negate the existence of such an intent.

As presently defined, manslaughter in the second degree means a homicide '' recklessly caused '' (Penal Law, § 125.15), while a negligent homicide is one produced by '' criminal negligence '' (Penal Law, § 125.10). The definitions of '' reckless '' and '' criminally negligent '' conduct are directed to different but related mental lapses. Recklessness is defined as being '' *aware of and consciously disregard*[*ing*] a substantial and unjustifiable risk '' of harm (Penal Law, § 15.05, subd. 3). Criminal negligence, on the other hand, is defined as the '' *failure to perceive* '' a similar risk of harm (Penal Law, § 15.05, subd. 4). Because of the difference between manslaughter in the first degree and criminally negligent homicide, it cannot be said that the latter is a lesser included crime under a charge of manslaughter in the first degree.

Section 444 of the Code of Criminal Procedure permits a conviction of an inferior degree of the crime charged in an indictment, or of an attempt to commit the crime, notwithstanding an acquittal of the crime charged. The conviction of the lesser degree must, however, be consistent with the crime charged to the extent that elements not charged cannot be relied upon (see *People* v. *Mussenden,* 308 N. Y. 558). Thus, in *People*

219

v. *Hoffman* (219 App. Div. 334 [2d Dept., 1927], affd. 245 N. Y. 588) defendant was charged with felony murder in the first degree. The specifications of the charge included an allegation that the killing occurred " without a design to effect the death ". A conviction of murder in the second degree was reversed, since such was " a crime of which the design to effect death is a necessary element " (*Ibid.*, p. 336). The court said, in part, " the jury were permitted to find a fact not a necessary element of the crime as charged, a fact denied in the indictment, and to base their verdict thereon."

The same can be said of the conviction at bar. The indictment contains four counts, a design or intent to kill or to maim being set forth in each one. The verdict here, however, necessitates a finding of the " fail[ure] to perceive a substantial and unjustifiable risk " — a fact outside the scope of manslaughter *first* or *second* degree. This failure to perceive is expressly denied in the indictment, as in *Hoffman* (*supra*) by charging intent to injure.

*People* v. *Burch* (281 App. Div. 348 [1953]) puts the rule more broadly. There, defendant was indicted for rape in the first degree (forcible rape), but convicted of rape in the second degree (statutory rape). This court reversed and dismissed the indictment, noting that the indictment " does not include all the legal and factual elements of rape in the second degree " (*Ibid.*, p. 350). The court there quoted at length from *Dedieu* v. *People* (22 N. Y. 178, 185) stating that a finding of guilt of an inferior crime " would be proper where the act proved was the identical act set forth in the indictment, and where all the circumstances descriptive of the inferior degree, of which the defendant was to be convicted, were also parcels of the offense in the higher degree, and were contained in the indictment; and such finding would not be proper in any other case."

This principle applies to the case at bar, where defendant Wall is accused of intending to kill or to maim decedent Perez. Nothing in the indictment can be read as charging him with failure to perceive, on the one hand. the very result he is accused of intending, on the other (see, also, *People* v. *Meegan,* 104 N. Y. 529; *People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618).

The conviction here, if it is to be upheld, must be supported by some evidence that defendant Wall *failed to perceive* the risk inherent in firing at decedent Perez. The District Attorney concedes that it " would surely be strained and perhaps even unreasonable " to conclude that defendant failed to perceive the

risk of hitting Perez, even if the jury could conclude that he meant to fire over Perez' head, as the barmaid testified. His alternate speculation is that the jury concluded that defendant failed to perceive the risk of the shots killing Perez. Nowhere in the record is there any evidence that defendant assumed or intended that the shots would not kill Perez. He shot Perez a minimum of four times at a distance of 20 to 30 feet with a .30 cal. semi-automatic M-1 military carbine. The jury was not justified in speculating that defendant overlooked the possibility of Perez being fatally wounded under such circumstances.

Respondent's attempt to save the verdict here by quoting from *People* v. *Rytel* (284 N. Y. 242, 245 [1940]) is without substance. The question in *Rytel* was whether the Appellate Division could reduce a conviction from assault in the second degree to assault in the third degree. In addition, *Rytel* cannot be read as standing for the proposition that a jury may fabricate a lesser crime not established by the evidence. The limitation on the jury's power to convict of a lesser degree of the crime charged is that every element of the lesser crime must be proved. In short the jury may convict of a lesser crime only *where that crime is proved, and not as a compromise* due to reluctance to convict of the greater crime.

Defendant was, therefore, convicted of a crime which was not an included crime under the indictment and which was improperly submitted as such (cf. *People* v. *Mussenden,* 308 N. Y. 558, *supra*). His failure to object to the charge and to the submission to the jury of the issue of criminally negligent homicide resulted in no error of law in this respect for our review, and so we are powerless to reverse in the interest of justice and dismiss the indictment (*People* v. *Cipolla,* 6 N Y 2d 922). Under the legal principle, however, that defendant may not be retried for any of the superior charges in the indictment of which he was not found guilty, to wit, manslaughter in counts 3 and 4 (see *People* v. *Ressler,* 17 N Y 2d 174, *supra*) no substance remains in this indictment, for under no view of the evidence may defendant be found guilty of the crime of criminally negligent homicide. The judgment should be reversed and the indictment dismissed.

GOLDMAN, P. J., GABRIELLI, BASTOW and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts and indictment dismissed.