■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder reduced to manslaughter in the first degree because he was acting under extreme emotional disturbance. In reliance upon Mullaney v Wilbur (421 US 684), which held a Maine statute unconstitutional because, in effect, it placed upon the defendant the burden of disproving murder by proving that he acted in the heat of passion, defendant contends that section 125.25 of the Penal Law is unconstitutional and that, therefore, his conviction must be reversed. Subdivision 2 of section 125.20 of the Penal Law provides that where one, acting with intent to cause another's death causes the death of such person or a third person and does so "under the influence of extreme emotional disturbance, as defined in paragraph (a) of subdivision one of section 125.25", such circumstance reduces the "murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subdivision". Section 125.25 (subd 1, par [a]) of the Penal Law provides that when a person causes the death of another with intent to do so, it is an affirmative defense that he "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be." We conclude that defendant was not injured by the alleged unconstitutional provision of the statute and the court's charge thereunder, because he was successful in his affirmative defense, the jury having found him guilty of murder reduced to manslaughter in the first degree because he was acting under extreme emotional disturbance (see People v Crimmins, 36 NY2d 230), and hence we do not reach the constitutional question argued by defendant. Defendant contends that the court erred in refusing to charge the jury that they could find him guilty of manslaughter in the second degree (Penal Law, § 15.05, subd 3; § 125.15, subd 1), that is, of recklessly causing his wife's death, as a lesser included crime of the charge of murder (CPL 1.20, subd 37.; CPL 300.50). Upon the

facts of this case, defendant having come to the ball park and urged his wife to return to him, and, being rejected, having gone home and obtained his shotgun and returned to the ball park and at close range having shot the gun twice at his wife, we hold that the court correctly refused to charge the lesser crime *(People v Wall,* 29 NY2d 863, affg 34 AD2d 215). We find no merit in defendant's argument that the court erred in permitting the People to call medical witnesses to rebut his defense of insanity *(People v Silver,* 33 NY2d 475, 483; *People v DiPiazza,* 24 NY2d 342, 349, n 2). Although the testimony of Dr. Lopez was based on some examinations of defendant in the absence of counsel and hence should not have been received (see *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, 444), in view of the other strong evidence for the People of defendant's sanity, the error was harmless (see *People v Crimmins,* 36 NY2d 230, *supra).* There is, likewise, no merit to defendant's contentions that the People failed to prove that defendant's shots caused his wife's death and that defendant was sane when he shot her. There was substantial evidence to support the prosecution on each of those issues, and jury questions were thus presented which were resolved against the defendant (as to the cause of death see *People v Kibbe,* 35 NY2d 407; *People v Kane,* 213 NY 260; as to defendant's sanity see *People v Wood,* 12 NY2d 69; *People v Buthy,* 38 AD2d 10, 12). (Appeal from judgment of Niagara County Court convicting defendant of manslaughter, first degree, and assault, second degree.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.