## COURT OF APPEALS.

### October 29, 1918.

## THE PEOPLE v. GEORGE VAN ZANDT.

(224 N. Y. 354.)

MURDER—INTOXICATION—WHEN EXTENT OF INTOXICATION OF DEFENDANT, INDICTED FOR MURDER IN THE FIRST DEGREE, A QUESTION FOR THE JURY.

Where the question of intoxication of a defendant arises upon the evidence in a trial for murder in the first degree, the jury should say whether such intoxication prevented the intent, premeditation and deliberation essential to constitute the crime, and failure to so instruct it is error although no request to charge is made on defendant's behalf.

APPEAL from a judgment of the Supreme Court, rendered January 30, 1918, at a Trial Term for the county of Fulton, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Horton D. Wright* and *Eugene D. Scribner,* for appellant.

*J. William Titcomb, District Attorney (Jeremiah Keck* of counsel), for respondent. The evidence does not indicate that Van Zandt was intoxicated to such an extent, if at all, that he could not have premeditated the commission of the crime. (People v. Governale, 193 N. Y. 581; People v. Barberi, 149 N. Y. 256; People v. Schmidt, 168 N. Y. 568; People v. Ferraro, 161 N. Y. 365; People v. Krist, 168 N. Y. 19; People v. Hughson, 154 N. Y. 153.)

ANDREWS, J.:

On October 30th, 1917, the defendant shot and killed one Rebecca Thompson. For the homicide he was indicted, tried

and convicted of murder in the first degree. As a defense it was claimed that he was insane. This question was properly submitted to the jury. It found against him and could hardly have done otherwise.

The case contains, however, testimony which, if believed, might have led the jury to conclude that at the time of the shooting Van Zandt was intoxicated to a greater or less degree. If it believed that he was intoxicated to any extent it should then say whether such intoxication prevented the intent, premeditation and deliberation essential to constitute the crime of murder in the first degree. (People v. Gerdvine, 210 N. Y. 184, 31 N. Y. Crim. 54.) But this question was not presented or explained to the jury, although upon the testimony a most serious one. The only reference in the charge of the learned trial court to intoxication, except a passing allusion to insanity produced by alcoholic stimulants, is in answer to a request by the People upon another subject, where the jury is told " The question of intoxication is given with an idea, if there be such a question in this case, with an idea of assisting you in determining whether there was sufficient reasoning power to form a motive."

No requests were made on this subject by the counsel for the defense and no exceptions were taken by him. But the substantial rights of the defendant were not properly protected. He has been convicted; but no explanation was given to the jury which enabled it to pass with understanding upon his guilt. The state of mind of at least one is shown by his question to the court, " What is premeditation ? " and of all by their recommendation of mercy. Under the circumstances we believe that justice requires a new trial.

We also think the learned trial court erred in his definition of murder in the second degree.

The judgment of conviction should be reversed and a new trial granted.

HISCOCK, Ch. J., HOGAN, CARDOZO and POUND, JJ., concur; CHASE and McLAUGHLIN, JJ., dissent and vote for affirmance on authority of section 542, Code of Criminal Procedure.

Judgment of conviction reversed, etc.