THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE GARRY, Defendant, Impleaded with NICHOLAS PORRECA, Appellant.

Third Department, March 15, 1933.

*Herzberg & Garrison* [*R. Monell Herzberg* of counsel], for the appellant.

*Thomas A. Cookingham, District Attorney,* for the respondent.

HILL, P. J. Defendant Porreca was indicted for robbery first degree, convicted of second degree and sentenced to Clinton Prison for fifteen years. As he had received a suspended sentence previously on a plea of guilty to a felony indictment, the sentence was the minimum the court could pronounce. (Penal Law, §§ 2127 and 1941; Code Crim. Proc. § 470-b; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249.) We believe that a new trial should be given the defendant because the trial judge did not charge that the jury could convict only on finding larcenous intent. (*People* v. *Koerber,* 244 N. Y. 147, 153; *Thorne* v. *Turck,* 94 id. 90.)

The evidence of the People indicates that robber and robbed were engaged in the business of violating the Federal Prohibition Law for profit; the defendant Porreca in the capacity of one who supplied intoxicating beverages to speakeasies, the complainant DePalmar as the bartender and manager of a speakeasy.

Defendant, with two companions, visited that speakeasy, drank freely and stated that he wished payment of a bill owing to him by one Burns, owner of the place and employer of DePalmar, the complainant. The drinking was accompanied by rough and rowdy-

ish revelry. DePalmar describes two or more hours of terrorism and vandalism, during which glasses were broken and fresh kegs of beer tapped by defendant and his companions. During this reign of terror, the claimed robbery was effected, about ten dollars being taken from the till and a like amount from DePalmar. Defendant said it was taken to satisfy his debt, and insisted that a receipt be given and accepted, but his befuddlement was such that he caused the receipt to be signed by a bystander, and then kept the paper in his possession. Defendant then took an automobile ride to another speakeasy. He was accompanied by his companions, also by Mr. and Mrs. DePalmar, who say they went under duress. Defendant was unarmed at all times, except that he took a hammer from the DePalmar speakeasy, and enforced his commands at times by striking various members of the party with the handle. At the end of the latter visit, DePalmar and his wife were told by the defendant to leave Columbia county and return to their former home in Schenectady. This command was disobeyed, as they returned to the speakeasy where they worked. Later the same night, defendant and his companions also returned there and conversed with Burns, DePalmar's employer.

Convictions should be affirmed without regard to technical errors or defects or those which do not affect substantial rights, but in this case defendant was intoxicated and his acts appear more like high-handed rowdyism than robbery. We feel that the jury should have been told that he could be convicted only upon their finding of an intent to steal, and this even though no request therefor was made. We feel this the more as under the rigid provisions of the Penal Law and Code of Criminal Procedure the shortest sentence that the court could pronounce was fifteen years.

The judgment should be reversed in the interest of justice, and a new trial granted.

All concur.

Judgment of conviction reversed in the interests of justice, and new trial granted.