The People of the State of New York, Respondent,
v. Felix J. Cummings and George Lewis, Appellants.

Argued January 18, 1937; decided May 25, 1937.

*Benjamin C. Ribman* and *Leo Healy* for Felix J. Cummings, appellant. The trial court committed reversible error in refusing to charge that the jury could bring in a verdict of murder in the second degree or of manslaughter in the first degree, for the reason that it was possible in view of the facts to justify a verdict of murder in the second degree or manslaughter in the first degree. (*People* v. *Koerber*, 244 N. Y. 147; *People* v. *Moran,*

246 N. Y. 100; *People* v. *Schleiman*, 197 N. Y. 383; *People* v. *Seiler*, 246 N. Y. 262; *People* v. *Marwig*, 227 N. Y. 382; *People* v. *Smith*, 232 N. Y. 239; *People* v. *Marendi*, 213 N. Y. 600; *People* v. *Collins*, 234 N. Y. 355; *People* v. *Van Norman*, 231 N. Y. 454.)

*Frank J. Irving* and *Joseph A. Solovei* for George Lewis, appellant.

*William F. X. Geoghan, District Attorney (Henry J. Walsh* of counsel), for respondent. The guilt of Cummings was proved beyond a reasonable doubt. The trial court committed no errors in its charge. (*People* v. *Kropowitz*, 271 N. Y. 505; *People* v. *Leonardi*, 143 N. Y. 360.)

CRANE, Ch. J. In the case of *People* v. *Koerber* (244 N. Y. 147) this court decided that in a felony murder case it was error to refuse to charge the various degrees of homicide, where the defendant was so intoxicated that a question might arise as to his ability to form an intent to commit robbery or larceny. The opinion states: " The fact that the accused did not have the intent to rob would not mean that an acquittal should follow * * *. The jury would have to say under proper instructions as to the degrees of crime " (p. 154). Both in this *Koerber* case and in *People* v. *Moran* (246 N. Y. 100) we called attention of the trial justices to the exceptional rule of *People* v. *Schleiman* (197 N. Y. 383), which case was tried before me in 1909 when I was on the trial bench. The charge to the jury, that they must find a defendant guilty of murder in the first degree or acquit should only be made where there is " no possible view of the facts which would justify any other verdict except a conviction of the crime charged or an acquittal."

Where the evidence is so substantial as to put in question the mental capacity of the defendant to form an intent to commit the felony, the degrees of homicide should be and must be charged. Only where there is no question

of fact as to the killing while in the commission of a felony can the various degrees of homicide safely be omitted. Not every statement that a defendant was intoxicated necessarily creates a question of fact on the element of intent. To apply the above rules requires a careful consideration of the evidence and the nature of the case. The testimony of intoxication might be so slight, so trivial, such a mere sham as to amount to no evidence or create no issue.

On this appeal, however, I feel that the evidence is of such weight and substance as to fairly raise the question of the defendant Cummings' mental state or intent. I appreciate that his actions in the saloon or grill at 1942 Fulton street, in Brooklyn, were such as to indicate that he knew what he was doing when he held up the place; told Lewis to shoot Ralph Nischo, and took the money from the cash box; yet there is another side which creates a dispute which a jury, and not a judge, should decide.

The police officer said the defendant Cummings smelt of liquor. Cummings' own testimony details his course of drinking in various places preceding the alleged holdup. Witnesses from his home relate the condition he was in when he reached there shortly after the killing; and his associate Lewis testifies that before going to the place of the homicide Cummings was stupidly drunk and sick from liquor. We have in this evidence something more than a mere defendant's claim, without anything to support it, that he was intoxicated. To my mind, therefore, this case comes within the rulings of the above authorities, and should be reversed for the error of the trial judge in refusing to charge the various degrees of homicide, and compelling the jury to choose between " guilty of murder in the first degree," or " not guilty at all."

During this past year we have had many of these felony murder cases coming to our court wherein the degrees of homicide might just as well have been charged without any injury to the People or the enforcement of

law, thus avoiding the very serious question of the correctness of a charge omitting the degrees. We again caution the trial judges to use the short form of charge — murder in the first degree, or, not guilty — only when there can be no question whatever of the killing during the commission of the felony. If the evidence shows the defendant to have been intoxicated or his mentality so impaired or weakened as to call in question his ability to have formed an intent, then the degrees of homicide must be charged.

For the reasons here stated, as to each defendant the judgment of conviction should be reversed and a new trial ordered.

LEHMAN, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, HUBBS and FINCH, JJ., dissent.

Judgments of conviction reversed, etc.