THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DORAN ROACH, ALIAS DORAN "WHITE," PLAINTIFF IN ERROR.

Argued October 26, 1937—Decided January 26, 1938.

For the plaintiff in error, *John P. Owens*.

For the defendant in error, *Abe J. David* and *Thomas F. Hueston*.

The opinion of the court was delivered by

LLOYD, J. Plaintiff in error was convicted of murder in the first degree without recommendation of life imprisonment and sentenced to death according to the statute. The writ of error brings the case up on bills of exception and under the one hundred and thirty-sixth section of the Criminal Procedure act.

The assignments of error and specifications of causes for reversal, twenty each in number, are substantially the same. Of these the refusal of the trial judge to charge the sixteenth and seventeenth of the defendant's requests for instruction is argued.

The first of these requests was in the language of the statute, drafted in accordance with the opinion of this court in the case of *State* v. *Wilson,* 60 *N. J. L.* 171, and reads as follows:

"Every person convicted of murder in the first degree shall suffer death unless the jury shall, by their verdict, and as part thereof, upon and after consideration of all the evidence, recommend imprisonment at hard labor for life, in which case this and no greater punishment shall be imposed, and every person convicted of murder in the second degree shall suffer imprisonment at hard labor not exceeding thirty years."

The other request read:

"When the character and extent of a crime is made by law to depend upon the state and condition of the defendant's mind at the time, and with reference to the act done, intoxication, as a circumstance affecting such condition and state of the mind, is a proper subject for inquiry and consideration by the jury. If by law, deliberation and premeditation are essential elements of the crime, and by reason of drunkenness or any other cause, it appears that the prisoner's mental state is such that he is incapable of such deliberation and premeditation, then the crime has not been committed."

The facts which the evidence tended to prove and on which these requests were predicated were as follows: On the early morning of March 21st, 1937, Roach broke into the apartment occupied by one Celia Kadesh and her daughter Bessie in Plainfield. While Roach was in the act of stealing a pocketbook from the apartment Mrs. Kadesh awoke from sleep and Roach struck and killed both the mother and daughter, escaping with the pocketbook of Mrs. Kadesh which was later found in his possession. When Roach was arrested some of his clothing found in his home was marked by numerous spots of human blood.

A signed statement made by the plaintiff in error was offered in evidence and this statement substantially corroborates the foregoing narrative. Called to the stand in his own defense Roach testified to extensive drinking the day and night preceding the crime, and that he had no recollection of the killing or of the events immediately preceding and following, and finally that he did not know whether he killed the women or not. It was in this state of the proofs that the two requests which it is now claimed were dealt with erroneously by the court were tendered.

It is sufficient to say that the court in its general charge instructed the jury substantially in the language of the first request, and the first sentence of the second was substantially charged. Under the facts the killing, if it constituted murder at all, was committed while perpetrating a burglary and under the Crimes act (*Comp. Stat., p.* 1779, § 106), is mandatory to the effect that "murder which shall be committed in perpetrating or attempting to perpetrate any burglary shall be murder in the first degree."

In the present case there is no room for doubt as to the character of the crime. The proofs were clearly that the killing if done by Roach, and of this there can be no reasonable doubt, was in the perpetration of a burglary. This is conceded in the brief of the plaintiff in error. In the absence of the interposition of a plea of insanity the state of mind of the defendant was not in issue. Intoxication in such case is not a defense and cannot reduce the crime from first to second degree. *State* v. *James,* 96 *N. J. L.* 133; *State* v. *Turco,* 98 *Id.* 61; *State* v. *Zeller,* 77 *Id.* 619.

Under the circumstances the second request in its entirety was properly refused.

The judgment is affirmed.

HEHER, J. (Concurring.) I do not yield the holding of the majority that intoxication in a case such as this, no matter what its effect, "is not a defense and cannot reduce the crime" to a grade of homicide less than first degree.

At common law voluntary intoxication did not excuse or

palliate crime. It was not a factor to be considered even where premeditation was an essential ingredient. But the rigor of the early doctrine has been relaxed both in England and in this country. It is the long settled rule in this state that where, by law, deliberation and premeditation are essential elements of the crime charged, and, due to drunkenness or other cause, the accused's mental state is such that he is incapable of such deliberation and premeditation, the crime has not been committed. In that situation, the state has not borne the burden of proof of all the essential ingredients of the crime so charged. *Wilson* v. *State,* 60 *N. J. L.* 171, 183; *State* v. *James,* 96 *Id.* 132, 151. In the first cited case, this court, in a deliverance by Mr. Justice Van Syckel, ruled that if the intoxication is so great as to prostrate the prisoner's faculties and render him incapable of forming the specific intent to kill requisite to murder of the first degree, the offense is murder in the second degree. As between murder of the second degree and manslaughter, voluntary intoxication, it was said, is not a legitimate subject of inquiry. What constitutes murder in the second degree "by a sober man is equally murder in the second degree if committed by a drunken man."

In my view, a different rule does not prevail in relation to statutory felony murder. By section 107 of the Crimes act (*Comp. Stat.* 1910, *p.* 1780), the legislature plainly manifested a purpose to make a specific intent of the essence of murder in the first degree. After so classifying a "willful, deliberate and premeditated killing," it placed in the same category a killing in the perpetration or attempted perpetration of certain enumerated felonies, including burglary. It would seem that, to bring a killing within the latter classification, the proofs must establish a particular intent to commit burglary. And a burglar at common law was defined by Sir Edward Coke as "he that by night breaketh and entereth into a mansion-house, with intent to commit a felony." 4 *Bl. Com.* 224. Without conceding that section 131 of the Crimes act (*Comp. Stat.* 1910, *p.* 1787), in respect of its extra common law classifications, defines "burglary" within

the intendment of section 107 (see *State* v. *Jones,* 115 *N. J. L.* 257)—in my opinion, that proposition is lacking in validity—it is pertinent to observe that the breaking and entry of one of the buildings enumerated therein must be done "willfully or maliciously," and "with intent to kill, rob, steal, commit rape, mayhem or battery."

If, by reason of intoxication, there did not exist in the mind of the accused the deliberation and premeditation necessary to murder of the first degree, the homicide—where the killing did not occur in the perpetration or attempted perpetration of one of the statutory crimes adverted to—would necessarily be classable as murder in the second degree, or possibly, in the absence of the intent essential to that offense, as manslaughter in one of its degrees. And, by the same reasoning, if the accused, because of drunkenness, could not form an intent to perpetrate burglary—that being the underlying crime charged—a killing under circumstances that might justify an inference of the requisite burglarious intent, if the accused's state of intoxication was not such as to obliterate knowledge on his part as to what he was doing, is not murder in the first degree under the second statutory category. It goes without saying that a breaking and entry by one who, because of the stupefying effects of advanced intoxication, is wholly unaware of his action, do not constitute "burglary" under section 131 of the Crimes act, *supra.* The special intent is of the very essence of the crime denounced. The definitive question in such case is not whether the accused was intoxicated, but whether the intoxication was of such degree that he was bereft of the mental power to form the requisite particular intent. See *People* v. *Koerber,* 244 *N. Y.* 147; 155 *N. E. Rep.* 79.

And, as said by Mr. Justice Van Syckel in *Wilson* v. *State, supra,* the rule is one to be applied with caution. The evidence, to create a jury question on that issue, must provide a substantial basis for the factual conclusion that the faculties of the accused were so far prostrated as to render him incapable of forming the essential intent. In the words of Judge Andrews, in his dissenting opinion in *People* v. *Koer-*

*ber, supra,* it is necessary that there be evidence tending to show that, at the time of the alleged burglary, there was, so far as the accused is concerned, "a complete absence of conscious volition—an ignorance of his acts and purposes."

Here, there is an utter lack of evidence of that state of intoxication. The proofs indisputably establish a planned burglary. The prisoner's actions, before and after the fatal engagement, bespeak beyond peradventure the existence of the intent to commit burglary. There is therefore no possible view of the facts to justify a finding of murder in the second degree.

Moreover, there was no appropriate request to charge respecting the lesser degrees of homicide.

In these circumstances, there is no occasion to determine whether the accused was prejudiced in his substantial rights by the instruction that acquittal was the alternative to conviction of murder in the first degree.

For these reasons I vote to affirm.

Mr. Justice Perskie joins in this opinion.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.

*For reversal*—None.