Burke, J. (concurring).
I do not agree that the judgment of conviction should be reversed because the evidence does not support the verdict of the jury insofar as it rejected the defense of insanity. My concurrence is based mainly on the ground that *630 on this record the Trial Judge should have charged the jury on the question of intoxication.
Other errors, as the acceptance of opinion testimony dealing with matters not properly the subject of expert testimony (People v. Barber, 115 N. Y. 475, 492) and the inadvertent but inaccurate summaries of part of the expert testimony related in the charge, were prejudicial. Nonetheless, considered separately, they would not, in my opinion, constitute reversible error.
The issue of intoxication, on the other hand, was far too important to withhold from the jury. Here, the court barred the jury from considering “ whether such intoxication prevented the intent, premeditation and deliberation essential to constitute the crime of murder in the first degree ” (People v. Van Zandt, 224 N. Y. 354, 355).
The prosecution’s claim that the defendant is concluded by the deliberate action taken by his counsel is untenable. Counsel for the defense cannot usurp the power of the court nor disregard the historic role the judge plays in the trial of a case involving the life or liberty of a defendant. In our jurisprudence, the judge is a positive force in the administration of justice. In general, under our law, the judge is required to assist the jury throughout the trial. His most important duty, in particular, is to instruct the jury on the law. This responsibility is imposed on a judge presiding at a criminal trial by a specific statute. Section 420 of the Code of Criminal Procedure provides in part that “ In charging the jury, the court must state to them, all matters of law which it thinks necessary for their information in giving their verdict ’ ’.
"Whenever there is a vital omission of a matter of law from the Trial Judge’s charge, the defendant is necessarily prejudiced as his rights have not been properly protected as mandated by the statute. In this case, when the court concluded that contrary to his “personal legal opinion” an instruction would not be given on the question of intoxication, he disobeyed the command of the statute. Since the evidence indicated that the defendant imbibed substantial quantities of alcoholic beverages while abstaining from food in the hours prior to the commission of the crime, the jury should have had the usual instruction that while voluntary intoxication does not render a criminal act any the less criminal, nevertheless ‘ ‘ Whenever the actual existence *631 of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act”. (Penal Law, & 1220.)
It is well established that “ The statute permits any, not simply total, intoxication to be considered on the question of intent. (People v. Leonardi, 143 N. Y. 360; People v. Corey, 148 N. Y. 476.) It is for the jury to determine the extent of the intoxication and whether it had the effect to prevent the necessary intent, deliberation and premeditation ”. (People v. Gerdvine, 210 N. Y. 184, 186.) Where, as here, the prosecution in its summation, referring to the testimony in relation to the alcoholic episodes in the defendant’s past life, contended that the defendant was ‘1 fighting drunk ’ ’ and 1 ‘ showing an utter disregard * * * for everybody and everything ’ ’, the defendant was, as a matter of law, entitled to a charge on the [uestion of intoxication. Without such a warning, the jury could well regard the intoxication as a matter militating against • lie defendant on the issues of intent, premeditation and deliberation. This view of an uninstructed jury of the relative evidentiary weight of the proof of intoxication would, of course, be contrary to law. Hence the Trial Judge disregarded his statutory duty in acceding to the request of defense counsel to dispense with any charge in respect to the evidence of intoxication. By so doing, he deprived the defendant of the protection of a fundamental right guaranteed by law.
However, I am unable to concur in the conclusion that the verdict of the jury is against the weight of the evidence. The defendant was the only eyewitness to the crime. The testimony of the defendant and his witnesses was offered to counterbalance the evidence given concerning the confessions of premeditated murder, the false alibi and the spoliation of the evidence. There was, therefore, a fair question of fact based on conflicting evidence. The opinion evidence of the expert witnesses could, at most, give rise to conflicting inferences. “ Under such circumstances, argument based upon scattered gleanings” from the testimony of the experts cannot prove that the weight of evidence is with the defense (see People v. Sherwood, 271 N. Y. *632 427, 429). A jury can accept or reject the opinion of an expert (People v. Sherwood, supra; Dougherty v. Milliken, 163 N. Y. 527, 533). Here the jury could, if it desired, find the opinion evidence offered by defendant incredible when judged in the light of the defendant’s confessions, the false alibi and the spoliation of evidence.
“ The jurors had the witnesses before them and, in listening to their testimony, could observe the manner, in which they gave it. They could determine not only the credibility of the witnesses, but, also, the reliance to be placed upon the testimony, in the light of the opportunities and of the facts, which formed the basis for the opinions expressed. The issue was for them to decide and the court should not invade their province and interfere with their decision ” (People v. Egnor, 175 N. Y. 419, 425, 426). Certainly this must be so when the conclusion and opinion of the defendant’s expert witnesses are not only contradicted by opposing conclusions and opinions held by the People’s expert witnesses, but also when they include admissions by defendant’s experts that, during an epileptic seizure, physical conditions occur which would render the victim of the seizure powerless to act because of the violence of the movements of the epileptic’s body during the furor stage of the attack and because of the listlessness present during the post furor stupor. Hence the issue of the defendant’s sanity was a clear question of fact and a proper subject for determination by the jury. This court should not indirectly by a reversal seek to coerce the jury into crediting the opinion testimony of the defendant’s experts and discrediting the testimony of the People’s experts. The values of the opinion evidence given by competing physicians cannot be certified to by this court even in a capital case. Such a determination, under our laws, is for the jury to make; not for this court. By the reversal this court is ostensibly placing a higher testimonial value on opinions based on assumed and simulated conditions than on the voluntary statements given by the only eyewitness, the defendant. If the appellate courts arrogate to themselves the power to decide cases on the respective weights of opinion evidence divorced from the other evidence in a case, the verdicts of the juries will be hereafter judicially treated, in effect, as merely advisory in defiance of the constitutional privilege and without appropriate constitutional amendment or legislative action