Dye, J. (dissenting).
I am unable to agree that this judgment of conviction should he reversed and a new trial ordered on either the ground advanced in the majority opinion that the verdict of guilt was against the weight of the evidence as to the issue of insanity or on the ground that prejudicial error was committed when the trial court acceded to the request made by counsel for the defense not to charge the jury on the question of intoxication.
However, I do concur with my colleague, Judge Burke, that the weight of the evidence supports the verdict of the jury and that the opinion evidence of the experts, at most, gave rise only to conflicting inferences which were properly left to the jury to decide.
During this prolonged trial, the very able and experienced counsel for the defendant (who had been chosen by him in the first instance and later assigned by the court) conducted his defense on the theory that, at the time of committing the homicide, the defendant was laboring under such a defect of reason as not to know the nature and quality of his act or not to know that the act was wrong, which defect in reason had been induced by the sudden onslaught of an epileptic rage or furor. During the trial, testimony was received from witnesses for the People and for the defense, including the defendant himself, that at various times and places during the course of the afternoon and evening immediately preceding the homicide the defendant had imbibed in an undisclosed amount of beer and whiskey. Defense counsel minimized the drinking and at no time alluded to intoxication for the very good reason, no doubt, that such a claim might well have diverted the attention of the jury and jeopardized acceptance of the key defense based on the epileptic seizure, since a jury may take intoxication into consideration in determining the purpose, motive and intent with which the accused acted (Penal Law, § 1220).
Exclusion of intoxication as a defense element did not rest solely on a matter of trial tactics, but was grounded on a practical view of the evidence. All of the witnesses, for the People and for the defense, as well as the defendant himself, agreed that he was not intoxicated; in fact, during all the time mentioned his movements and his conduct negated a statement of intoxication. He drove his car from place to place with com *634 píete control of Ms reflexes and co-ordination. He remembered all that had happened and accounted for his movements in minute detail, including the pickup of his unfortunate victim, the incidents which led up to the seizure of the murder weapon — a ball-peen hammer — the “ funny feeling ” and the evidence that led to the disposal of the victim’s body and despoliation of the incriminating evidence. This showing fell short of establishing a state of intoxication; to claim that it did would undoubtedly have hampered the jury in their consideration of the basic issue of insamty.
To avoid creating any confusion in the minds of the jury, with their carefully planned defense strategy, counsel with insistent deliberation expressly requested the court not to charge the jury on the question of intoxication. The court acceded to their request and did not charge intoxication. Notwithstanding this state of the trial record, the appellant now urges that it was nonetheless the duty of the Judge to charge intoxication “in the interests of justice ”. This turnabout in defense tactics is indeed difficult, if not impossible to reconcile, since we are not dealing with a situation wherein incompetent counsel have failed to recognize an inadequate charge and to take proper steps to correct it. The question of intoxication was not charged because of the insistent demand of counsel. The charge as made adequately placed before the jury the carefully planned defense strategy based on the epileptic episode for that, in their considered opinion, undoubtedly offered the best chance of checkmating the charge of premeditated murder.
In such posture of the record, I do not believe that the trial court could with propriety refuse the defense counsel’s request not to charge the jury on the question of intoxication. It was rather a recognition of the rig'hts of the defendant to have Ms case tried in reliance on the experience and skill of Ms able counsel. This right may not and should not be circumscribed or restricted by the court.
Nor do I think that acceding to the request of defense counsel amounted to a denial of a fundamental right. As we read Peoples. Van Zandt (224 N. Y. 354) and People v. Koerber (244 N. Y. 147), relied on by the appellants, we note a distinction, In Van Zandt, for instance, no request for a charge on intoxication was made, although there was evidence of intoxication, *635 while in Koerber such a request was denied. So far as we can ascertain from our reports, this is the first time we have dealt with an insistent and deliberate request of the court not to so charge. To have charged intoxication in such a setting would certainly have been open to the criticism that it was an unwarranted interference with the conduct of the trial.
Nothing turns on the contention that the defendant himself did not personally state that he acquiesced in the request of his counsel not to charge intoxication. It is not at all analogous to the requirement that the defendant’s consent be had before exhibits in the cause may be sent to the jury room (Code Grim. Pro., § 425).
In my opinion, the judgment of conviction should be affirmed.
Judges Desmond, Fund and Van Voorhis concur with Judge Froessel; Judge Burke concurring for reversal in a separate opinion in which Judges Froessel and Van Voorhis concur only insofar as it concerns the failure to charge the law regarding the effect of intoxication; Judge Dye dissents in a separate opinion; Chief Judge Conway dissents and votes to affirm.
Judgment reversed and a new trial ordered.