■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RUMPH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 14, 1972, convicting him of attempted murder, attempted robbery in the first degree, attempted grand larceny in the third degree, and possession of a weapon as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse and order a new trial, with the following memorandum: Defendant offered testimony tending to show that at the time of the commission of the crimes charged he was acting involuntarily, under the influence of LSD. The trial court instructed the jury as to the effect of *voluntary* intoxication. This was prejudicial error. The jury should have been instructed that it could consider defendant's testimony in connection with his ability to form a specific intent (Penal Law § 15.25; *People* v. *Koerber,* 244 N. Y. 147; cf. *People* v. *Jones,* 27 N Y 2d 222). The trial court also erred in denying a defense request for a continuance until the subpoenaed jail records of defendant were produced. Defense counsel claimed that those records would demonstrate that defendant, after being confined in jail, was still hallucinating some weeks after the events in question. The provisions of CPL 250.10 were not applicable to the motion, as defendant did not raise a defense of mental disease or defect (see *People* v. *Koerber,* 244 N. Y. 147, 152, *supra*) and in this regard too the trial court was in error. That provision of the CPL only applies where the defendant predicates his defense on the existence of mental disease or defect and not, as here, upon his contention that his condition was caused by a "spiked" drink.