OPINION OF THE COURT
Edward C. Alfano, J.
Defendant has been indicted for felony murder[1] (two counts) (the underlying felonies are robbery and burglary) and one count of intentional murder. Defendant’s confession indicates that at the time of the homicide he was “high” on drugs. In its jury charge this court did not charge intoxication as to felony murder, but did charge intoxication as to intentional murder. The court wishes to expand on its rationale.[2]
Other States have discussed the issue of whether voluntary intoxication is a defense to felony murder. Such States as Pennsylvania and New Jersey have at one time held that intoxication is not a defense to felony murder.[3]
*783 In cases such as Commonwealth v Wooding (355 Pa 555, 50 A2d 328); Commonwealth v Hardy (423 Pa 208, 223 A2d 719) and Commonwealth v Tarver (446 Pa 233, 284 A2d 759), the Supreme Court of Pennsylvania held that neither a specific intent to kill nor premeditation to take life was an element of the crime of felony murder. Thus, the fact that defendant may have been intoxicated during the commission of the crime of felony murder “was of no legal significance” (Commonwealth v Wooding, 355 Pa 555, 557, 50 A2d 328, 329, supra; see also, Commonwealth v Edwards, 380 Pa 52, 110 A2d 216, 218-219; Commonwealth v Simmons, 361 Pa 391, 65 A2d 353; Murphy, Has Pennsylvania Found a Satisfactory Intoxication Defense?, 81 Dick L Rev 199; cf. Commonwealth v Graves, 461 Pa 118, 334 A2d 661; Commonwealth v Haywood, 464 Pa 226,_, n 3, 346 A2d 298, 299).
Early New Jersey cases also have held that intoxication is not a defense to felony murder. The courts reasoned that except where the defendant has interposed a plea of insanity the state of mind of a defendant accused of felony murder “was not in issue” (State v Roach, 119 NJL 488, 197 A 33; State v Burrell, 120 NJL 277, 199 A 18). Therefore, a defendant’s intoxication was no defense to the crime of felony murder (cf. State v Roman, 168 NJ Super 344, 403 A2d 24, 26-27).
In New York, intoxication, although not a defense to a criminal charge, may be offered by a defendant at trial “whenever it is relevant to negative an element of the crime charged” (Penal Law § 15.25; emphasis added).
“ ‘[Elements’ of an offense are [identified] * * * as a culpable mental state (mens rea) and a voluntary act {actus reus) (Penal Law, § 15.10). Both are required in all but the strict liability offenses” (People v Register, 60 NY2d 270, 276).
In People v Register (60 NY2d 270, 276, supra), the Court of Appeals held that in some crimes there is an “additional requirement” which “refers to neither the mens rea nor the actus reus”. This “additional requirement”, Register held, “is not an element in the traditional sense but rather a definition of the factual setting in which the risk creating conduct must occur — objective circumstances which are not subject to being negatived by evidence of defendant’s intoxication” (supra, at p 276).
The court must determine whether the underlying felony in the crime of felony murder is an element, or a “definition of the factual setting in which the risk creating conduct must occur” *784 (i.e., objective circumstances) (People v Register, 60 NY2d 270, 276, supra).
It has been held that in “felony murder the underlying felony is not so much an element of the crime but instead functions as a replacement for the mens rea or intent necessary for common-law murder” (People v Berzups, 49 NY2d 417, 427; emphasis added). This legal fiction has been substituted for the intent necessary to commit common-law murder because the crime of felony murder does not have as an element an intent to kill or “malice” or “malice aforethought” (People v Benson, 125 Misc 2d 843, 846; see also, Penal Law § 125.25 [3]; People v Berzups, 49 NY2d 417, 427, supra; People v Gladman, 41 NY2d 123, 125; People v Marwig, 227 NY 382, 387; People v Jones, 81 AD2d 22, 45; People v Miller, 108 AD2d 1053).
This substituted intent is a general, rather than a specific intent, and cannot be negatived by intoxication (see, People v Register, 60 NY2d 270, supra; People v Leary, 64 AD2d 825; People v Roark, _ Col _, 643 P2d 756, 773-774; People v DelGuidice, 199 Col 41, 606 P2d 840, 842-844; State v Shine, 193 Conn 632, 479 A2d 218; People v Harkey, 69 Ill App 3d 94, 386 NE2d 1151, 1153).
Thus, the Court of Appeals in People v Berzups (49 NY2d 417, 427, supra), in holding that the underlying felony “is not so much an element of the crime [of felony murder]”, has recognized that the underlying felony is not an element of that crime.
The Court of Appeals has also held that the underlying felony is not a lesser included offense of the crime of felony murder (People v Santana, 55 NY2d 673, 674; People v Berzups, 49 NY2d 417, 427, supra). In order for a crime to be a lesser included offense it must be an essential element of that crime (see, People v Glover, 57 NY2d 61, 63; People v Green, 56 NY2d 427). As the underlying felony is not a lesser included offense of felony murder, the underlying felony, as a matter of law, is not an essential element of felony murder.
As the underlying felony is not an essential element of felony murder it is possible to be found guilty of felony murder notwithstanding that the underlying felony was dismissed for legal insufficiency or that defendant was acquitted of the underlying felony (People v Davis, 46 NY2d 780; People v Murray, 40 NY2d 327 [in each case the underlying felony was dismissed for lack of corroboration. The felony murder conviction was upheld as not requiring corroboration]; People v Lucas, 105 AD2d 545, 546-547; People v Murray, 92 AD2d 617 [double jeopardy did not bar a new trial on the felony murder count even if the Trial Judge at *785 the first trial dismissed the robbery, which was the underlying felony, for insufficiency of the evidence]; People v Crimmins, 99 AD2d 439, affd 64 NY2d 1072; People v Scott, 93 AD2d 754; People v Ponder, 77 AD2d 223, affd 54 NY2d 160).[4] Since there can be an acquittal of the underlying felony and a conviction of felony murder also indicates that the underlying felony is not an “element” of felony murder.
It is also noted that defenses or legal requirements of the underlying felony are not necessarily defenses or legal requirements of a felony murder based on such underlying felony (People v Davis, 46 NY2d 780, supra; People v Murray, 40 NY2d 327, supra). It would appear that although intoxication is a “defense” to the underlying felony, it does not apply to felony murder.
It is also noted that defenses or legal requirements of the underlying felony are not necessarily defenses or legal requirements of a felony murder based on such underlying felony (People v Davis, 46 NY2d 780, supra; People v Murray, 40 NY2d 327, supra). It would appear that although intoxication is a “defense” to the underlying felony, it does not apply to felony murder.
The underlying felony, not being an element of felony murder, can best be described as an aggravating circumstance. It describes the “factual setting in which the risk creating conduct must occur — objective circumstances” (People v Register, 60 NY2d 270, 276, supra). Such “objective circumstances” cannot be negatived by intoxication (People v Register, supra, at p 276). *786 This court therefore did not charge intoxication as to the counts alleging felony murder.[5]

. Penal Law “§ 125.25 Murder in the second degree
“A person is guilty of murder in the second degree when * * *
“3. Acting either alone or with one or more other persons, he commits or attempts to commit robbery, burglary * * * and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants”.

. The court is aware that Criminal Jury Instructions recommends such a charge (2 CJI [NY] PL 125.25 [3], at 346). Of course, the charges were prepared prior to the decision in People v Register (60 NY2d 270).

. Although present law in Pennsylvania and New Jersey may now be different the cited cases give some insight into the thinking of other jurisdictions on the issue before this court.

. In People v Koerber (244 NY 147), the trial court refused to charge the jury as to the different degrees of homicide and as to the effect voluntary intoxication had on the issue of whether defendant had the intent to commit the underlying felony (robbery). The Court of Appeals reasoned that if the defendant was intoxicated and was unable to form the intent to rob (the underlying felony), a jury could convict of felony murder or acquit. Therefore, the ruling of the trial court was held to be error. It held that voluntary intoxication should have been charged so that if the jury found that defendant’s intoxicated condition negatived the intent to rob, the jury having been charged as to the lesser degrees of homicide, would have had the alternative to find defendant guilty of any one of those lesser degrees. Under former law, there existed felony murder and misdemeanor murder. Under present law, this distinction no longer exists. Under present law, as felony murder has no lesser included offenses and a conviction of felony murder will be upheld even though there is an acquittal of the underlying felony, People v Koerber (supra) is no longer the law.
In accord with Koerber (supra) is People v Cummings (274 NY 336), also a felony murder case, where the Court of Appeals reiterated the position taken in Koerber (supra). For the reasons stated above, this case has been overruled by present law.

. After the trial, defendant was convicted of both counts of felony murder and one count of intentional murder. The conviction of intentional murder indicates a rejection of the intoxication “defense”.